CHARLES COWLEY *vs.* CHARLES R. TRAIN & others.

Suffolk.    March 15. — 18, 1878.    COLT & SOULE, JJ., absent.

Under the Gen. Sts. *c.* 129, § 64, the judgment of a justice of this court upon demurrer in an action at law is not subject to appeal, and can only be revised on bill of exceptions or report.

GRAY, C. J.   The question presented by the defendants' motions to dismiss is whether the full court has jurisdiction of an appeal by the plaintiff from the judgment of a justice of this court, sustaining a demurrer to the declaration in an action of tort.

By the Gen. Sts. *c.* 129, § 64, every demurrer in an action at law, either in the Superior Court or in this court, may be heard in the first instance by a single justice, and his decision as to the misjoinder of counts is final; "but if the cause of demurrer is that the facts do not in point of law support or answer the action, and the party against whom the decision is made does not pray for leave to amend, such decision shall not be final, but the demurrer may be further heard upon appeal or otherwise, as is provided in respect to such questions of law."   That statute, as observed by Mr. Justice Wells in *Commonwealth* v. *Gloucester*, 110 Mass. 491, 497, does not provide how such questions shall be carried up, but assumes that point to be regulated by other statutes, to which therefore it becomes necessary to refer.

An appeal lies from a judgment in the Superior Court upon a demurrer, as from any other judgment of that court, founded upon matter of law apparent on the record, except judgments upon pleas in abatement or motions to dismiss for defect of form of process.   Gen. Sts. *c.* 114, § 10.   Any opinion, ruling, direction or judgment of a judge of either court in matter of law (except upon a plea in abatement, or a motion to dismiss for defect of form in process) may be revised by bill of exceptions. *c.* 115, § 7.   Questions of law, arising before a single justice of this court, may be reserved and reported by him for the consideration of the full court. *c.* 112, § 10.   In this court, "questions of law on exceptions, on appeals from the Superior Court, on cases stated by the parties, and on special verdicts, and all issues in law," (except where, as in the case of demurrers, special pro-

vision is made to the contrary,) are within the exclusive jurisdiction of the full court. *c.* 112, § 5. *Massachusetts National Bank* v. *Bullock*, 120 Mass. 86. This section, by specifying appeals from the Superior Court, and saying nothing of appeals from a justice of this court, clearly implies that there can be no appeal in an action at common law from a justice of this court to the full court. And no statute of the Commonwealth has ever authorized such appeals.

The necessary conclusion is, that under the provision of the Gen. Sts. *c.* 129, § 64, that " the demurrer may be further heard upon appeal or otherwise, as is provided in respect to such questions of law," the further hearing can be had " upon appeal " in those cases only in which the first hearing is in the Superior Court, and that, when the first hearing is before a justice of this court, the further hearing can only be had " otherwise," that is to say, upon bill of exceptions or report.

There are cases in the books, (such as *Leggate* v. *Moulton*, 115 Mass. 552, and *Kellogg* v. *Kimball*, 122 Mass. 163, cited by the plaintiff,) in which, an appeal having been claimed from the judgment of a single justice of this court upon a demurrer, and no objection being taken to the mode in which the question was brought up, the full court expressed an opinion in favor of the correctness of the decision of the single justice. In the earlier case of *Joannes* v. *Burt*, 6 Allen, 236, 239, the same thing was done; but Mr. Justice Hoar, before whom the demurrer had been heard in the first instance, and who delivered the opinion of the full court, began by observing that an appeal to the full court from a judgment rendered by a justice of this court upon a demurrer was " irregular; the proper mode, in actions at common law, being by bill of exceptions, where the case is not reserved; " and accordingly the judgment of the full court, instead of affirming the judgment of the single judge, dismissed the appeal. See also *Sparhawk* v. *Sparhawk*, 120 Mass. 390, 392.

The motion to dismiss this appeal must therefore be granted. If the plaintiff considered himself aggrieved by the judgment sustaining the demurrer, and the justice who rendered that judgment did not reserve the question upon report, the plaintiff's remedy was by tendering a bill of exceptions.

*Appeal dismissed.*

*J. O. Teele, W. S. Slocum & J. W. Pickering*, for the several defendants.

*C. Cowley, pro se.*