## DORCAS H. CUMMINGS *vs.* JOSEPH H. CUMMINGS, executor, & another.

Barnstable.    Nov. 17, 1886. — Jan. 8, 1887.    HOLMES & GARDNER, JJ.,
                              absent.

A man and a woman were married in 1852.    There was no ante-nuptial contract in regard to her property.   She was possessed of a sum of money, and in 1856 bought certain shares of stock in a bank.   The certificate was taken in the name of her husband, but was kept by her, and in 1859 he gave her a paper, in which he stated that the certificate was purchased with her money, and promised to transfer it " to her heirs or executors."   In 1864, the bank became a national bank, and in 1879, upon his written statement that the original certificate was lost or stolen, the husband received from the bank a new certificate, and gave a bond of indemnity against any claim on the old certificate.   The old certificate was retained by the wife, who did not know that the new certificate was issued until after her husband's death.   The dividends on the stock were for a time collected for the wife by a third person, but subsequently they were collected by the husband, and used by him for his own purposes; and the wife never claimed any interest in these latter dividends.   The bank always treated the husband as the owner of the stock.   He died in 1883, his wife surviving him, leaving a will, by which he gave these shares of stock to their child.   *Held,* that the husband had reduced the shares of stock to his possession.   *Held, also,* that the husband, by giving the paper writing to the wife in 1859, did not make himself a trustee of the stock for her.

A widow who has waived the provisions made for her in her husband's will cannot maintain a bill in equity, against the executor of his will, who was his son, and another child, *to recover her share of certain personal property, alleged to have been transferred to the defendants by the testator in his lifetime, in fraud of the plaintiff's rights.*

DEVENS, J.   This is a bill in equity, brought by the widow of Joseph Cummings against Joseph H. Cummings and Clara

A. Smith, both of whom are children of Joseph Cummings by a marriage previous to that with the plaintiff. The defendant Joseph H. Cummings is also the executor of his father's will. By this bill the plaintiff seeks to recover certain shares of bank stock, or the value thereof, bequeathed to Mary A. Wixon, a daughter of Joseph Cummings and of the plaintiff, which shares have been transferred to Wixon by the defendant Joseph H. Cummings, as executor, the plaintiff contending that the same were her sole property. The plaintiff also seeks to recover the share which she claims to be entitled to as widow in certain other personal property, alleged to be a part of the estate of Joseph Cummings now in the possession of the defendants, or of one of them. While the plaintiff was provided for by her husband's will, she has waived this provision.

Different considerations apply to these two classes of claims. With the bank stock, the defendant Clara A. Smith is not shown to have had any connection. It consisted of ten shares in the First National Bank of Chelsea, which were by the will bequeathed to Mary A. Wixon, and were afterwards transferred by Joseph H. Cummings, as executor, to her. The plaintiff was married to Joseph Cummings in 1852. There was no antenuptial contract in regard to her property. She had several thousand dollars in money, and in 1856 bought ten shares in the Tradesman's Bank of Chelsea. The certificate was taken in the name of Joseph Cummings, but was kept by her, and in 1859 he gave her a paper in which he stated that the certificate was purchased with her money, and promised to transfer it " to her heirs or executors." In 1864 the bank became the First National Bank of Chelsea ; and on November 3, 1879, upon his written statement that the old certificate in the Tradesman's Bank was lost or stolen, Joseph Cummings received from the First National Bank the certificate the value of which is here in controversy, he giving a bond of indemnity against any claim on the old certificate. The old certificate was retained by the plaintiff, who does not appear to have known that the new certificate was issued, until after the death of her husband. The dividends on these shares were for a time collected for Mrs. Cummings by one Young, her brother-in-law, who had originally bought the shares with her money. Subsequently they were

collected by Joseph Cummings, and used by him for his own purposes. In these latter dividends, the plaintiff never claimed, and does not claim, any interest. By the bank, Joseph Cummings was always treated as the owner of the stock. Joseph Cummings died on January 23, 1883.

By the common law, which was the law of the Commonwealth when the rights of the plaintiff and her husband in regard to her property were fixed by her marriage, the husband had the right to make the wife's choses in action his own by reducing the same to possession, and her money became absolutely his own. *Ames* v. *Chew*, 5 Met. 320. *Dunn* v. *Sargent*, 101 Mass. 336, 339. He held the absolute legal title to these shares; and the only question that can be suggested is whether he elected to hold them by virtue of his right as husband, and did such acts as to manifest and fix that election. The subsequent legislation, which, since 1852, has so much changed the rights of married women in regard to property, has no effect upon the case at bar. It does not assume to take away any rights already vested in the husband.

No reduction to possession by the husband was necessary when the certificate was originally given in his name, and he was accepted by the bank as the owner of the stock. It is true that the original certificate remained in the possession of the wife, but the control he exercised over the stock was absolute, and, under these circumstances, her possession of the original certificate must be treated as his. Certainly no stronger act could have been done by the husband, in assertion of his right in this stock, than his taking the second certificate in the new bank in his own name, which latter certificate never passed into the hands of the wife. When this certificate was obtained, it is probable that he was ignorant or had forgotten that his wife had it, as he stated that the original certificate had been lost or stolen; but if he knew that she had it, this fact, together with the fact that he indemnified the bank against it, only more strongly shows his intention to reduce the shares to his own possession. It would not be easy to conceive any stronger assertion of right over the property by the husband than holding the stock by a certificate in his own name, conducting himself as the owner in his relation with the bank, receiving the income, using it for

his own purposes without objection from the wife, and finally disposing of the shares by will. *Dunn* v. *Sargent, ubi supra.*

Nor can this claim be enforced upon the ground that he held this property in trust for the wife, by reason of the writing given to her in 1859. In this paper, he acknowledges that the shares were purchased with her money, and agrees to transfer them to her heirs or executors. This paper, executed after this property vested in him, cannot make him a trustee for the plaintiff. There was no consideration for it, as he had already reduced her property to possession. Even if it were enforceable as a trust, it was not one for the benefit of the plaintiff personally, and the testator has by his will transferred the shares to her only child.

The second class of claims sought by the plaintiff to be recovered stands upon different grounds. By this bill the plaintiff seeks to recover her share of certain property, which she contends should be held to be the property of the testator. Certain property was transferred before his decease by Joseph Cummings to his children, the two defendants, Smith and Cummings, receiving in return an authority to draw the dividends thereon during his life. Joseph Cummings was of sound mind, and is found not to have been unduly influenced in this transaction. His object in giving this property to his children by his former marriage was that his wife should not receive her distributive share as his widow, as he believed her sufficiently provided for, and also that her daughter (who was also the daughter of Cummings) would finally inherit or receive by will from her mother as much as or more than he gave to his other children.

In addition, the plaintiff contends that a note signed by Joseph H. Cummings, and payable to his father, which note was afterwards destroyed, should be accounted for and paid, and seeks her proportion thereof as widow.

We have no jurisdiction of these claims as thus presented. They are within the jurisdiction of the Probate Court only. It is for that court, in the first instance, to determine for what the executor shall account, and, if there are others who should account to the estate, to determine whether the executor has failed in duty in neglecting to compel them to do so, and, in a proper case, to grant leave to bring suit upon the executor's bond. Nor

could any one interested in the estate of a deceased person, even if it were clear that there was an amount of property which should be accounted for, bring an action for her share thereof against the executor, except after a decree of distribution.

As no objection was taken to the form of the bill on account of parties, or otherwise, none has been considered.

*Bill dismissed.*

*C. A. Taber,* (*G. F. Tucker* with him,) for the plaintiff.
*E. B. Powers,* for the defendants.