THOMAS QUINN *vs.* JAMES BRENNAN & others.
JAMES BRENNAN *vs.* THOMAS QUINN.

Suffolk.     January 21, 1889. — February 28, 1889.

Present : MORTON, C. J., FIELD, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Writ of Review — Time of Filing — Breach of Bond for Review — Judgment and Execution.*

A bond, entered into upon a petition for a review of a judgment, provided that the petitioner, as obligor, should "forthwith prosecute" the review, and was duly approved by the court, which, however, fixed no time for bringing the writ. *Held*, that the writ of review was to be brought forthwith, or within a reasonable time, and that, as it was not brought for more than a year, there was a breach of the bond.

The obligee on the bond, who had no just claim against the petitioner, and had wrongfully recovered judgment against him, made a reconveyance to him of property sold as his on an execution duly issued upon the judgment. *Held*, in an action on the bond, that judgment was properly rendered for the penalty thereof, but that execution rightfully issued for nominal damages only.

TWO ACTIONS, the first upon a bond for a review of a judgment, and the second a writ of review of the same judgment. The cases were tried together in the Superior Court, without a jury, before *Barker* J., who reported them for the determination of this court, the report, so far as material, being as follows.

In 1868, Thomas Quinn and James Brennan agreed to buy land, the title to which was to stand in Brennan, and to build a house thereon, each to share equally in the profits of the transaction. Before the house was completed, Quinn desired to withdraw from the agreement, and Brennan paid him a certain sum to relinquish his interest in the house and land. Brennan completed the house, and subsequently conveyed the property to his wife through a third person; and in 1882 it was sold by the Brennans at a profit. After the sale, in March, 1883, Quinn, who contended that Brennan was still indebted to him on the original agreement, brought an action against him in the Municipal Court of the city of Boston, and duly recovered judgment against him upon his default in the sum of $1,000 and costs. Execution duly issued on this judgment, and a sale of certain real estate as the property of Brennan, the title to which stood in his wife's name, was duly made thereon to Quinn for $1,666.44, and, a conveyance thereof being made to him, the execution was returned as satisfied. Thereupon Quinn brought a writ of entry against Mrs. Brennan, which was duly served. Afterwards, on February 11, 1884, Brennan filed a petition for a review of the judgment so recovered by Quinn, being the judgment in question in each case, and Brennan as principal, and the other defendants in the first case as sureties, gave to Quinn a bond, dated February 15, 1884, in the penal sum of $2,000, reciting the entry of such petition for a review, and conditioned that Brennan " shall forthwith prosecute a review to final judgment, and shall satisfy such execution as may be issued against him on the review." This bond was examined and approved by the Superior Court, a writ of *supersedeas* being issued on February 16, 1884, and on March 11, 1884, the petition for a review was granted, the only terms being that Brennan should pay the costs of the original action in the Municipal Court, and of the levy of the execution, not including, however, those on the writ of entry, and should have no costs on the writ of review unless the result of the trial on the review should show that he owed Quinn nothing. The costs imposed on granting the petition for a review were duly paid by Brennan.

In May, 1884, Quinn and Brennan agreed, in order to save expense and time, that all the proceedings subsequent to the

entry of the action in the Municipal Court should be set aside, and that Brennan should be allowed to appear and defend in that action. On August 1, 1884, Quinn conveyed to Mrs. Brennan all his interest in the real estate obtained at the sale to him on execution, and Brennan as principal, and the other defendants in the first case as sureties, gave Quinn a bond in the sum of $1,000, in the usual form, to dissolve the attachment in that action. The Municipal Court, however, declined to allow the agreement to be filed, and decided that the action could not be brought forward and tried. Negotiations continued between the parties until April 17, 1885, when Quinn brought an action, which was the first case, for a breach of the bond for a review by reason of the failure of Brennan to prosecute a writ of review according to its tenor, and on April 29, 1885, Brennan brought a writ of review, which was the second case, against Quinn, to reverse the judgment obtained by him in the Municipal Court.

In fact, all matters between Quinn and Brennan were settled, adjusted, and paid before the year 1871, and at the time of the bringing of Quinn's suit in the Municipal Court he had no claim whatever in law or equity against Brennan on account of any of the matters declared on by him.

The judge ruled that there had been a breach of the bond for a review, and ordered judgment to be entered for the penal sum thereof, but execution to issue for the sum of one dollar and costs; and that the writ of review was not seasonably brought, and ordered the same to be dismissed with costs; and found for Quinn in each case.

If the rulings were right, judgment was to be entered thereon; otherwise, such judgment was to be entered as law and justice might require.

*J. H. Butler*, for Quinn.

*G. W. Searle*, for Brennan.

C. ALLEN, J. 1. The writ of review was not seasonably brought, and was properly dismissed. The statutes do not directly prescribe the time within which a writ of review must be brought, but in different sections it is implied that early action must be taken. Pub. Sts. c. 187, §§ 18, 22, 39. Leave to bring a writ of review was granted by the court in the present case, upon the filing of a bond, which was examined and

approved by the court, and which provided in its condition that Brennan " shall forthwith prosecute a review to final judgment." The court fixed no limit of time, but it was implied by the approval of the bond that the writ of review should be speedily brought. In point of fact, it was not brought for more than a year. If the court had fixed a time, the condition of the bond would be satisfied by bringing the review within that time. *Bamforth* v. *Raddin*, 14 Allen, 66. No time having been fixed, it was Brennan's duty to act forthwith, or within a reasonable time. He waited too long, and the writ of review, not being within the implied terms of the leave of the court, was properly dismissed. See *Lehan* v. *Good*, 8 Cush. 302, 307 ; *Hobart* v. *Tilton*, 1 Greenl. 399.

2. The writ of review not having been seasonably brought, there was a breach of the bond, and judgment was properly entered for the penalty. Pub. Sts. c. 171, § 9.

3. On a judgment rendered in an action upon a bond, the court is to award execution for so much of the penal sum as is then due and payable in equity and good conscience for the breach of the condition. Pub. Sts. c. 171, § 10. And it is for the plaintiff to prove how much is thus due. *Austin* v. *Moore*, 7 Met. 116, 124. In this case, the court found as a fact that all matters between Quinn and Brennan were settled, adjusted, and paid before 1871, and that at the time Quinn brought his suit in the Municipal Court he had no claim whatever in law or equity against Brennan, on account of any of the matters declared on by him. Quinn's judgment against Brennan having been satisfied, if Brennan had duly prosecuted his writ of review he must have recovered judgment in review against Quinn for the $1,000 which Quinn had obtained on his judgment, with interest. An equivalent result was arrived at by Quinn's reconveyance to Mrs. Brennan of the land obtained by the sale to him on the execution. Brennan was thus virtually reinstated in his property, and he owed Quinn nothing, and execution was properly awarded for a merely nominal sum on the bond, with costs.

*Ordered accordingly.*