FERDINANDO DI FILIPPO *vs.* S. D. ALLEN.

Suffolk. March 15, 1895. — May 24, 1895.

Present: FIELD, C. J., ALLEN, MORTON, LATHROP, & BARKER, JJ.

*Unreasonable Delay in Prosecution of Writ of Review.*

A writ of review brought ten months after leave of court obtained to bring it is not seasonably prosecuted, and will be dismissed on motion, although, during the greater part of that period, the plaintiff in review, who had left the Commonwealth on business, was detained abroad by illness.

LATHROP, J. The defendant, on August 28, 1893, obtained judgment, in the Municipal Court of the city of Boston, against the plaintiff, in an action of contract brought by him against one Moscurdini, and the plaintiff as trustee. Subsequently the defendant brought an action of *scire facias* against the plaintiff, and obtained judgment against him on default.

On September 15, 1893, the plaintiff filed a petition for a writ of review, which, after a hearing, was granted on December 13, 1893; and the plaintiff gave a bond to prosecute the writ of review forthwith. It does not appear in the bill of exceptions when the bond was filed, nor has any copy of it been furnished us, but, as the petition asked for a supersedeas of the execution issued in the original case, we assume that this was done before the petition was granted. Pub. Sts. c. 187, § 19.

The bill of exceptions states that just prior to December 13, 1893, the plaintiff was by reason of business forced to leave this Commonwealth and go to Europe; that while in Europe he became ill, and was forced to remain in the city of Naples and

kingdom of Italy until the month of September, 1894; and that he returned to this Commonwealth on September 27, 1894.

On October 9, 1894, the plaintiff, without any further action of the court, and without its knowledge, sued out a writ of review, which was duly served and entered in court on the first Monday of December, 1894.

The defendant thereupon appeared specially and filed in court a paper containing a plea to the jurisdiction and a motion to dismiss. The judge ordered the writ to be dismissed because of the long and unreasonable delay in the prosecution of the same. To this ruling the plaintiff excepted, and he also excepted to the refusal of the court to rule " that the writ, having once been issued, could not be dismissed, for the reason that the date of issuance was so far removed from the date of the decree of the justice who allowed the petition for review."

We are of opinion that the exceptions must be overruled. The only difference between this case and that of *Quinn* v. *Brennan*, 148 Mass. 562, is that in this case the delay was nearly ten months, while in that case it was a little over a year; and the excuses for the delay in the two cases are different. It was said in *Quinn* v. *Brennan*, that, while the statutes do not directly prescribe the time within which a writ of review must be brought, it is implied in different sections that early action must be taken. Pub. Sts. c. 187, §§ 18, 22, 29. Reference was also had to the condition of the bond, which provided that the obligor " shall forthwith prosecute a review to final judgment"; and it was said : " The court fixed no limit of time, but it was implied by the approval of the bond that the writ of review should be speedily brought. . . . No time having been fixed, it was Brennan's duty to act forthwith, or within a reasonable time. He waited too long, and the writ of review, not being within the implied terms of the leave of the court, was properly dismissed. See *Lehan* v. *Good*, 8 Cush. 302, 307 ; *Hobart* v. *Tilton*, 1 Greenl. 399."

We are not impressed with the excuses stated in the bill of exceptions. To say that a person is forced to leave the Commonwealth by reason of business, when he has a matter pending before the court here which will require his immediate attention if the matter is decided in his favor, is simply saying that he

deems one matter of business more important than another. So far as appears, it was entirely practicable for the plaintiff to have given instructions to his attorney before he left this Commonwealth, or after he arrived in Europe and before his illness. We do not go into this matter at any length, because we cannot revise the finding of fact of the judge below, unless, as matter of law, it is erroneous; and we cannot say that it is.

*Exceptions overruled.*

*J. R. Murphy,* (*A. Di Filippo* with him,) for the plaintiff.
*J. W. Keith,* for the defendant.