## ATTORNEY GENERAL *vs.* WILLIAM E. OLIVER.

Norfolk.    December 6, 1899. — January 4, 1900.

Present: HOLMES, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Quo Warranto* — " *Memorandum of Decision* " *of Justice of Supreme Judicial Court* — *Appeal.*

An appeal based simply upon the filing of a "Memorandum of Decision" of a single justice of this court, will not lie to the full bench.

There is no authority by statute or otherwise for an appeal from a single justice of this court to the full court in a common law proceeding.

INFORMATION, in the nature of a *quo warranto*, to try the respondent's title to the office of constable of the town of Avon. Hearing, before *Morton*, J., who filed a paper called a "Memorandum of Decision," which concluded as follows: "I find on the evidence before me that the respondent was duly elected, and I think that the petition should be dismissed.   So ordered." The counsel for the petitioner filed on June 13, 1899, the following claim of appeal: "And now comes Hosea M. Knowlton, attorney general, the petitioner in the above entitled cause, and claims an appeal to the full bench from the decree of Mr. Justice Morton therein, dated May 31, A. D. 1899."

*A. P. French*, for the petitioner.

*T. E. Grover*, for the respondent.

HOLMES, C. J.    This is an information in the nature of a *quo warranto*.    After the trial, before a single justice of this court, he sent to the clerk a paper entitled "Memorandum of Decision," in which, as we frequently do, he stated the reasons for his decision, and the order which he should make.    This paper was no more part of the record than are the reported decisions of the full court.    It is true that it contained directions as to what judgment should be entered, but it was not itself a judgment; and until something further was done the case was not in a position to be brought here.    It would seem that nothing more has been done, and that the appeal is based simply upon the filing of that paper.    If that were the whole difficulty, however, we should give an opportunity to move for the entry of a judg-

ment *nunc pro tunc.* But the trouble goes deeper. It is that we are aware of no authority, by statute or otherwise, for an appeal from a single justice of. this. court to the full court in a common law proceeding. The reasons for denying the right are stated by Chief Justice Gray in *Cowley* v. *Train,* 124 Mass. 226. See also *McCallum* v. *Lambie,* 145 Mass. 234, 236. In the respondent's brief, the objection to our entertaining the appeal is raised and insisted upon in terms amounting to a motion to dismiss. We have no choice but to grant it.

*Appeal dismissed.*