INHABITANTS OF BROCKTON *vs.* COUNTY COMMISSIONERS OF PLYMOUTH.

Plymouth.    January 21, 1903. — February 26, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Certiorari. Practice, Civil,* Appeal. *Supreme Judicial Court.*

By R. L. c. 192, § 4, a petition for a writ of certiorari is a proceeding at law and not in equity.

No appeal lies from a decision of a single justice of this court in a proceeding at law. The remedy is by exceptions or report.

PETITION for a writ of certiorari, addressed to the county commissioners of the county of Plymouth, to quash proceedings abating a tax of one Esther O'Connell, widow of Terrence O'Connell, a veteran of the war of the rebellion.

The case was heard by *Lathrop,* J., who made the following decision and order: "The only question argued in this case is whether, as Terrence O'Connell died in 1884, his widow is entitled to avail herself of the provisions of the statute of 1898, c. 370. I am of the opinion that she is. The order, therefore, will be — Petition for writ of certiorari denied." The petitioner appealed.

*W. I. Lane,* for the petitioner.

*G. W. Kelley,* for the respondents.

KNOWLTON, C. J.    This is an appeal from a decision of a single justice of this court, confirming a decision of the county commissioners of Plymouth County. The suit is a petition for a writ of certiorari, and, without intimating that the question of law raised at the trial would be difficult if we properly could consider it, we are of opinion that the appeal must be dismissed for want of jurisdiction.

Writs of certiorari are issued by the Supreme Judicial Court sitting as a court of law, and not as a court of equity. R. L.

c. 192, § 4. There is no provision in the statutes for an appeal from a decision of a single justice of the Supreme Judicial Court sitting at law, to the full bench of this court. The statute in regard to appeals in matters on the law side of the court is found in R. L. c. 173, § 96, by which appeals are given in such cases only when they have been decided in the Superior Court. The subject was brought before this court and decided in *Cowley* v. *Train*, 124 Mass. 226, and this decision covers the case at bar. If the petitioner was dissatisfied with the decision of the single justice, his remedy, unless the judge saw fit to report the case, was to file a bill of exceptions.

*Appeal dismissed.*