JAMES H. NORTON *vs.* LILLIE S. LILLEY, executrix.

Hampden.     September 26, 1911. — October 24, 1911.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

Practice, Civil, Motion for continuance, Demurrer, Order of judgment, Exceptions. Superior Court. Executor and Administrator. Judgment.

In an action at law brought in the Superior Court by a minor by his guardian, a motion to continue the hearing of a demurrer was based on allegations that the judge who was to hear it and all the other judges of the Superior Court and of all other courts of the Commonwealth are members of the bar and of bar associations which form a "perfect labor union or law trust" which "controls every department of the government" and "selects all judges," that the judges protect the members of the bar in committing frauds and in robbing persons who are not members thereof, that the plaintiff's guardian was not a member of the "bar or law trust" and was a person to whom "the members of the bar association or law trust" were "hostile," and who was persecuted by them, that the judges of the court shared the hostility of "their brother members of the bar or law trust" toward the guardian and had assisted them to persecute him, and that it was "not in the bounds of humanity that any" of the judges was in a position to try the case. The judge who heard the motion denied it. *Held,*

---

that such denial was proper, because the motion was based upon allegations of fact of such a character that they could not be heard properly by a judge and could not be the ground for a continuance until they had been heard and determined in impeachment proceedings.

A motion to strike out a demurrer which in form is substantially in accordance with the wording of R..L. c. 173, § 16, cl. 2, properly may be denied.

An action at law cannot be maintained by one of the next of kin of an intestate against an attorney, employed by the administrator of the estate of the intestate, to recover for losses sustained by the estate by reason of fraud and malfeasance of the attorney in assisting the administrator to manage the personal estate in his possession, whether the administrator was a party to such wrongdoing or not. The only right of action in such a case is in the administrator and, if he refuses to perform his duty, the proper remedy is to have him removed and a new administrator appointed, whose duty it would be to ,recover from the wrongdoer or wrongdoers for the injuries thus done to the estate.

Where, upon the sustaining of a demurrer in the Superior Court, the plaintiff ,alleges an exception, no judgment should be directed to be entered until the exception is overruled unless the exception is adjudged immaterial, frivolous or intended for delay.

LORING, J. 1. The first exception is to the refusal of the judge * to continue the case when the demurrer came on for argument. The plaintiff's motion to continue was based on the ground that the judge was disqualified. The alleged facts on which the plaintiff contended that he was disqualified were as follows: The judge in question and all other judges of the Superior Court and of all other courts of the Commonwealth are members of the bar and bar associations (the two are used as convertible terms in the motion). And the bar and bar associations form a "perfect labor union or law trust" which "control[s] every department of the government" and "select[s] all judges"; and further that the judges protect the members of the bar in committing frauds and in robbing those persons who are not members thereof. That the plaintiff's guardian and next friend † who appears here *pro se* "is not a member of the bar or law trust" and is a person to whom "the members of the bar association or law trust are hostile" and who has been persecuted by them. And further that the "justices of our Honorable Court share the same hostility as their brother members of the bar or law trust toward him and have assisted their brother attorneys in the bar or law trust to persecute him." The motion ends with

* *Schofield,* J.

† The plaintiff was a minor and Vincent E. Barnes was appointed his guardian by the Probate Court.

the allegation that in view of these facts "it is not in the bounds of humanity that any of the said justices are in a position to be judges to try this action." This is the substance of the motion. There are in addition statements of alleged specific acts of misfeasance by single justices which might well have been stricken from the record as scandalous. If these facts are true they constitute ground for impeachment of all the judges, to be brought by the House of Representatives (see c. 1, § 3, art. 6 of the Constitution), and tried by the Senate (see c. 1, § 2, art. 8 and art. 6 of § 3 cited above).

But these facts cannot from the nature of them be tried by any one of these judges and are not ground for a continuance until they are heard by the proper tribunal. This exception must be overruled.

2. The second exception is an exception to the order of the judge denying what was in effect a motion by the plaintiff to strike out the defendant's demurrer. This was based on the ground that the demurrer was not in accordance with R. L. c. 173, § 16. It is in the words of the second clause of that section, omitting the words " or some count thereof, " and substituting for the concluding words thereof, to wit, "rules contained in this chapter," the words "rules contained in the Revised Laws of the Commonwealth and acts in addition thereto and in amendment thereof." This exception must be overruled. For similar cases see *Johnson* v. *Reed,* 136 Mass. 421; *Whiton* v. *Batchelder & Lincoln Corp.* 179 Mass. 169, and cases cited.

3. The third exception is to the order of the court sustaining the demurrer and ordering judgment to be entered for the defendant on the first Monday of March, 1911.

The judge was right in sustaining the demurrer. What the plaintiff alleges in his declaration is that he is a grandson and one of the three "heirs at law" of one Hiram R. Norton, who died intestate in 1901, the other two heirs being a son of the intestate and his widow. That the widow was duly appointed administratrix of the estate; "that the said admx., [*sic*] Jennie A. Norton, . . . employed the defendant's testator . . . as the attorney of the said estate to conduct the settlement of the said estate, collect its claims and to advise her in her conduct of the settlement of the said estate, and prepare and make her legal

papers and reports to the Probate Court, at the expense and as the attorney at law of the said estate." The plaintiff then alleges that the defendant's testator in collusion with the administratrix looted the estate and defrauded the plaintiff " out of his birthright and share of said estate." The plaintiff states in addition a variety of ways in which he alleges that the defendant's testator robbed the estate and neglected his duty as attorney for the administratrix in the collection of the assets and otherwise.

Upon the death of Hiram R. Norton and the appointment of his widow as administratrix of his estate the title to the personal property of Hiram vested in her as of his death, and a right vested in the plaintiff as one of the next of kin (entitled to a distributive share of the estate) to have the estate properly wound up and distributed.

If an attorney employed by an administrator to help him in winding up an estate robs the estate or neglects his duty to it, the administrator in whom is the title to the personal property constituting the estate and with whom the contract in such a case is made by the attorney, is the person who has the right to bring an action for the wrong so done. Such an action cannot be brought by a distributee because he had no title to the personalty constituting the estate (*Cummings* v. *Cummings*, 143 Mass. 340; *Pritchard* v. *Norwood*, 155 Mass. 539; *Flynn* v. *Flynn*, 183 Mass. 365), and because the duty owed by the attorney arises under a contract to which the distributee was not a party. The distributee's right is a right to have the estate properly wound up and distributed, and that right must be pursued in the Probate Court which has exclusive jurisdiction of such matters. See *Cummings* v. *Cummings*, *Flynn* v. *Flynn*, *ubi supra*, and *Putney* v. *Fletcher*, 148 Mass. 247.

If as is alleged in this declaration the administrator is a party to the fraud of the attorney, the remedy and the only remedy of the distributee is to have the administratrix removed and a new administrator appointed whose duty it will be to recover from both for injuries done by them to the estate. It appears from the papers annexed to the declaration in the case at bar that the administratrix of Hiram Norton's estate has filed a final account but that it has not been allowed.

At the argument the next friend and guardian of the plaintiff

sought to escape from this conclusion by contending that the real estate (or rather an undivided share of it) vested in the plaintiff on the death of the testator. But the plaintiff has not alleged that the defendant's testator was employed to see to what was Hiram Norton's real estate (which on his death became the real estate of the plaintiff, his uncle and grandmother) or that he (the defendant's testator) undertook to have anything to do with it. The allegation (which already has been quoted at length) is in substance that he was employed by the administratrix as attorney for the estate to conduct the settlement of it. If in winding up the estate a license was obtained to sell a parcel of land, the attorney of the administratrix would have to do with that piece of real estate and with the proceeds of the sale of it. When land of the intestate is sold under a license granted by the Probate Court, the title of the heir is divested and the real estate is converted into personalty and stands on the same footing as the personal property left by the intestate. But with respect to the other real estate of the intestate an attorney employed by the administratrix to conduct the settlement of the estate has nothing to do. The complaint made by the plaintiff in this declaration is confined to the abuse and neglect of duty by the defendant's testator in his employment by the administratrix of Hiram Norton's estate as an attorney to conduct the settlement of it. This exception must be overruled.

4. But the exception taken to the order directing judgment to be entered on the first Monday of March, 1911, must be sustained.

An exception can be taken to a ruling of the Supreme Judicial Court or the Superior Court upon any matter of law. R. L. c. 173, § 106. This includes an order of the Superior Court overruling or sustaining a demurrer. *McCallum* v. *Lambie*, 145 Mass. 234. *McCusker* v. *Geiger*, 195 Mass. 46, 52, and cases cited. *Kennedy* v. *Welch*, 196 Mass. 592. Indeed the only way of carrying to the full court the correctness of an order of a single justice of this court overruling or sustaining a demurrer in an action at law was by taking an exception if the single justice did not in his discretion report the question to the full court. *Cowley* v. *Train*, 124 Mass. 226.

It is provided by R. L. c. 173, § 79, that after exceptions have

been taken and allowed judgment shall not be entered unless they are adjudged immaterial, frivolous or intended for delay. The order for judgment on the first Monday of March, 1911, was wrong. See *McCusker* v. *Geiger*, 195 Mass. 46, and cases cited; *Mayberry* v. *Sprague*, 207 Mass. 508.

The entry must be: Exception to order for judgment in March, 1911, sustained; all other exceptions overruled.

*So ordered.*

*V. E. Barnes*, for the plaintiff.

*J. B. Carroll, W. H. McClintock & J. F. Jennings*, for the defendant, submitted a brief.