MARY CHANNELL *vs.* JUDGE OF CENTRAL DISTRICT COURT OF NORTHERN ESSEX & another.

Essex.    November 7, 1912. — November 11, 1912.

Present: RUGG, C. J., BRALEY, SHELDON & DECOURCY, JJ.

*Practice, Civil,* Appeal.    *Supreme Judicial Court.    Mandamus.*

No appeal lies from a decree made by a single justice of this court in a proceeding at law.    The remedy is by exceptions unless the justice reports the questions raised.

The function of a writ of mandamus directed to a lower court is to compel judicial action by such court and not to direct what that action shall be.

A petition by a married woman for a writ of mandamus directed to a judge of a district court to compel him to issue a complaint against the husband of the petitioner for non-support will not be granted, where it appears that such judge within a period of less than three months had given two hearings upon the petitioner's complaint against her husband for non-support and had rendered decisions thereon, and had refused to receive another complaint from the petitioner unless some additional fact was presented by her, and it does not appear that any additional fact was presented.

RUGG, C. J.    This is a petition for a writ of mandamus.    At the hearing before the single justice,* the petition was dismissed. From this decree the petitioner has appealed.    The statute does not allow an appeal from a decision of a justice of this court in. a proceeding at law, that procedure being confined to decisions of the Superior Court.    R. L. c. 173, § 96 as amended by St. 1906, c. 342, § 2, and St. 1910, c. 555, § 4.    *Cowley* v. *Train,* 124 Mass. 226.    *Attorney General* v. *Oliver,* 175 Mass. 163.    *Brockton* v. *County Commissioners,* 183 Mass. 42.    *Norton* v. *Lilley,* 210 Mass. 214, 218.    The only way to bring before the full court for review any decision of a single justice of this court in an action at law is by exceptions, unless he reports the questions raised.

If the matter be treated as properly before us, no error of law appears upon the face of the papers.    The function of a writ of mandamus directed to a lower court is to compel it to exercise its judicial functions, not to direct what action shall be taken. *Crocker* v. *Justices of the Superior Court,* 208 Mass. 162.    The

* *Braley, J.*

averments of the answers in substance are that there have been two hearings within a period of less than three months by the judge of the district court upon the petitioner's complaint against her husband for non-support, and a decision had thereon, and a refusal to receive another complaint from the petitioner unless some additional fact is presented by her.

If the single justice found these averments to be true, no writ of mandamus could issue.

*Appeal dismissed without costs.*

*M. Channell, pro se.*

No counsel appeared for the respondents.