JAMES H. NORTON *vs.* LILLIE S. LILLEY, executrix.

Hampden. January 2, 1913. — March 31, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Amendment.

The denial of a motion of a plaintiff in an action at law to amend his declaration is within the discretion of the presiding judge, to the proper exercise of which no exception lies.

Where, after a rescript of this court affirming on exceptions an order of the Superior Court sustaining a demurrer to a declaration at law, a judge of the Superior Court denies a motion of the plaintiff to amend his declaration, and it appears that the alleged causes of action set forth in the proposed amendment, although described in some respects with greater detail, are the same as those contained in the original declaration which was adjudged to be bad, there is no ground for doubting that the discretion of the judge of the Superior Court was exercised properly.

MORTON, J. After the decision in this case in 210 Mass. 214,* the plaintiff filed a third motion to amend his declaration, — two previous ones, as stated in the memorandum of decision filed by the presiding judge,† having been waived by the plaintiff in

* Affirming on exceptions an order of the Superior Court sustaining a demurrer to the declaration.

† *Crosby,* J.

open court. The presiding judge refused to allow the amendment and the plaintiff excepted.

This is the only exception or question before us, though the plaintiff has attempted in his brief to argue matters relating to the correctness of the grounds of the decision in 210 Mass. 214, overruling the exceptions to the order of the court sustaining the demurrer and ordering judgment for the defendant. Manifestly such matters are not now open to him.

The allowance or disallowance of the amendment was within the discretion of the presiding judge, and as a general rule matters addressed to the discretion of a judge are not subject to exception. *Terry* v. *Brightman,* 133 Mass. 536. *George* v. *Reed,* 101 Mass. 378. There is nothing in this case to take it out of the general rule. If the question were open to review here, we see nothing to lead us to doubt that the discretion was properly exercised. The alleged causes of action set out in the third amended declaration, though described in some respects with greater detail than in the declaration in 210 Mass. 214, are the same in legal effect and the questions raised by it were passed upon in the former decision so far as necessary to the disposition of the case. Moreover the finding and ruling of the presiding judge that the causes of action were the same would have been conclusive as to their identity if an amendment had been allowed for that reason, (*Batchelder* v. *Pierce,* 170 Mass. 260; R. L. c. 173, § 121,) and it would seem that his finding and ruling should have something of the same effect in case of a denial of an amendment.

*Exceptions overruled.*

The case was submitted on briefs.

*V. E. Barnes,* for the plaintiff.

*J. B. Carroll, W. H. McClintock & J. F. Jennings,* for the defendant.