SIMON J. AGEL & others *vs.* MOSES H. STEUER.

Suffolk.    November 23, 1916. — February 28, 1917.

Present: RUGG, C. J., LORING, DE COURCY, CROSBY, & CARROLL, JJ.

*Review, Writ of.*

By R. L. c. 193, § 27, a writ of review must "be sued out within three months after the order granting the petition;" and, even if the period of time, during which a petition for a writ of certiorari to quash the proceedings for a review was pending, should not be counted in computing the three months within which the writ must be sued out, (which it was not intimated is the law,) this did not affect the result in the present case, where, even with the deduction of the time of the pendency of a petition for certiorari, the period of three months had expired before the attempted suing out of the writ of review.

PETITION, filed on November 10, 1915, for a writ of review to set aside a judgment against the petitioners in the Municipal Court of the City of Boston, entered on November 8, 1915.

On November 29, 1915, the petition was granted upon the filing of a bond for $500, and on December 9, 1915, such a bond was filed and approved.

On May 15, 1916, a writ of review was issued or purported to be issued upon the petition, and the respondent filed a plea to the jurisdiction and motion to dismiss.

The plea and motion to dismiss were heard by *Lawton,* J. The facts in regard to a petition for a writ of certiorari, which was brought by the respondent to quash the proceedings on this petition and afterwards was dismissed, are stated in the opinion. The judge made an interlocutory order denying the plea and motion to dismiss, but, being of opinion that this order ought to be determined by this court before further proceedings were had in the Superior Court, reported the case for such determination.

*M. H. Steuer,* (*M. Caro* with him,) for the respondent.

*H. H. Pratt,* for the petitioners, submitted a brief.

RUGG, C. J. This is a writ of review. It was sued out on May 15, 1916. On the petition for the writ of review seasonably filed an order was entered on November 29, 1915, allowing the writ upon filing a bond. The bond was filed and approved on December 9, 1915. It is required by R. L. c. 193, § 27, that the "writ of review shall be sued out within three months after the order granting the petition." Manifestly there was no compliance with the literal terms of the statute. The petitioners seek to avoid its force by the fact that the respondent in this writ, who was plaintiff in the action sought to be reviewed, on December 29, 1915, brought a petition for a writ of certiorari to quash the proceedings whereby the petition for a writ of review had been allowed. That petition was dismissed by a justice of the Supreme Judicial Court on January 21, 1916. It does not appear that any exceptions were taken on that petition. Even if exceptions had been taken, the time for filing them would have expired on February 10, 1916. There can be no appeal from a decision of a justice of this court in certiorari or other proceedings at law. *Channell* v. *Judge of Central District Court of Northern Essex,* 213 Mass. 78.

The utmost assumption which can be made in favor of the petitioners (but without intimating that this is the law in the face of the terms of the statute), is that the time of the pendency of the petition for certiorari may be deducted from the three months' period required by the statute. Even on this assumption the statutory period of three months, computing it from the time when the order allowing the petition for a writ of review became effective by the filing of the bond, expired on April 2, 1916.

There is no ground for the contention of the petitioners sought to be supported by *Tyndale* v. *Stanwood,* 186 Mass. 59, that the order allowing the petition for the writ of review was not effective, at least during all the time, before the bringing of the petition for the writ of certiorari. Making every assumption in favor of the petitioners they must fail. The order denying the plea to the jurisdiction and motion to dismiss is reversed and the writ must be dismissed.

*So ordered.*