FRANCIS J. O'CONNOR *vs.* ASSOCIATES DISCOUNT
CORPORATION.

Hampshire.      March 9, 1966. — April 4, 1966.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Review, Writ of.   Equity Jurisdiction,* To enjoin enforcement of judgment.

Where a writ of review sought by a judgment debtor did not issue within the three months after allowance of the petition for review prescribed by G. L. c. 250, § 27, the proceeding for review failed, the original judgment was in force, and a proceeding in equity by the judgment debtor against the judgment creditor to enjoin enforcement of the judgment could not be maintained.

PETITION filed in the Probate Court for the county of Hampshire on March 24, 1964.

The case was heard by *Cook,* J.

*Lloyd S. Bardach* for the respondent.

*Robert T. Doyle, Jr.,* for the petitioner, submitted a brief.

WILKINS, C.J.   This petition in the Probate Court for Hampshire County is under a newly acquired equity juris-

diction. G. L. c. 215, § 6, as amended by St. 1963, c. 820, § 1. The purpose of the petition is to enjoin the enforcement of a judgment entered in the District Court of Hampshire in an action of contract by the respondent Associates Discount Corporation against the petitioner O'Connor to recover for a deficiency arising out of the sale at auction of an automobile purchased by the petitioner and financed by the respondent. The date of the writ was July 21, 1958, and on the following day service was made at 11 Lincoln Avenue, Northampton, as the petitioner's last and usual place of abode. On November 16, 1962, judgment was entered by default.

The petitioner filed a petition for a writ of review in the District Court which was allowed on July 1, 1963. The writ did not issue till October 28, 1963. On November 12, 1963, the respondent filed a motion to quash which on March 18, 1964, was granted. At the same time the proceedings were vacated, and the original judgment ordered in effect.

After a hearing in the Probate Court it was found that at the time of service the petitioner was a resident of Florida, and the court entered a decree ruling that the judgment was void and enjoining its enforcement. The respondent appealed.

In his report, the probate judge stated: "The petitioner sought a writ of review in the District Court which failed through no fault of his own, but because the clerk of that court failed to seasonably issue the writ of review." Nothing in the reported evidence supports this statement.

This ruling purporting to impose blame upon the clerk of the District Court for the failure of the writ of review seasonably to issue was erroneous. The pertinent statute is G. L. (Ter. Ed.) c. 250, § 27, which provides: "The writ of review shall be sued out within three months after the order granting the petition; otherwise, such order and any stay or supersedeas previously ordered in the proceedings shall be thereby vacated and the original judgment shall be in full force."

Our cases have held that responsibility for suing out a

writ of review is on the petitioner. *Quinn* v. *Brennan,* 148 Mass. 562, 564–565. *Di Filippo* v. *Allen,* 163 Mass. 528, 529–530. See *Agel* v. *Steuer,* 226 Mass. 126, 127. Any failure by the clerk to issue the writ should have been brought by the petitioner to the attention of the District Court judge. *Royal Tool & Gauge Corp.* v. *Clerk of the Courts for the County of Hampden,* 326 Mass. 390, 392, and cases cited.

*Decree reversed.*