*Western District*

\# 143949

## FERDINAND J. PETTINELLA

v.

## CITY OF WORCESTER

Argued: Mar. 15, 1967    Decided: Oct. 3, 1967

*Present:* Garvey, P.J., Levine, J. and Allen, J.

Tried to: *Mellquist, J.* in the Central District Court of Worcester.     #143949

*Garvey, P.J.* The report, as amplified, shows that the plaintiff, a police officer, in the service of the City of Worcester sustained serious injuries on September 25, 1964 when the motor vehicle he was operating collided with a tree. He was driving from his home to the Superior Court where he was to appear as a witness for the Commonwealth. In this action he seeks recovery of payments he alleges to be due him under the provisions of G.L. c. 41, § 111F which provides that a police officer or fire fighter shall be granted leave without loss of pay when "incapacitated for duty because of injury sustained in the performance of his duty without fault of his own". There was a finding for the defendant and the plaintiff claimed a report.

The trial justice's findings, rulings and decision, set out in the report as first submitted were improperly interlarded with lengthy recitals of evidence — evidence that did not appear elsewhere in the report are required by

the *Draft Model Report, Rule 28 of the Rules of the District Courts. (1965)* Because of this, and other inadequacies, we ordered recommittal for correction and amplification. The report as corrected and amplified again contains no specific recital of the evidence offered at the trial notwithstanding our order "that a summary of all the material evidence be set forth". The only reference to evidence appears after the heading: "In the above entitled case the trial court found the following facts:". What followed is a summary of part of the evidence and part the judge's findings of fact. The judge's findings, rulings and decision substantially in the form as first reported were then set forth.

Generally, no useful purpose is served by a judge inserting recitals of the evidence in his findings of fact.

The court's findings of fact are not a part of the trial record and must be supported by reported evidence. Findings cannot supply evidence that the report lacks. *Attorney General* v. *Oliver,* 175 Mass. 163. *McCarey* v. *Stop & Shop, Inc.,* 18 Legalite 103, 106. (February 20, 1967).

A proper report should be the careful concern of the parties and the judge and "(I)f the judge himself does not undertake to oversee the efforts of counsel in settling his report, there may be instances when due to the oversight of counsel for the appellee (and appellant) his

rulings on review may not have the support on the state of the evidence before him when rulings (or findings) were made." *Coco* v. *Lenfest,* 18 Legalite 352, 353. (June 12, 1967.)

█ "(W)e should (not) attempt to decide the case on guesswork." *Ruberto* v. *Thebodo,* 338 Mass. 1, 3.

█ As the contents of the report as amplified and corrected are inadequate for us to determine the rights of the parties, justice requires that there be a new trial. So ordered.

HARRY J. MELESKI,
of Worcester for the defendant.

BERNARD A. KANSKY,
of Boston for the plaintiff.