PETER A. NIOSI & another *vs.* FRANK LEVERONI & another.

Suffolk.    December 8, 1930, January 5, 1931. — January 6, 1931.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Equity Pleading and Practice,* Appeal: dismissal for failure to order preparation of papers.

Under G. L. c. 231, § 135, as amended by St. 1929, c. 265, § 1, it is a prerequisite to the maintenance of an appeal in a suit in equity that the appellant give to the clerk, within ten days after the claiming of the appeal, an order in writing for the preparation of the papers for transmission to this court.

Under that statute, as amended, the duty of preparing all the papers on such an appeal rests upon the clerk alone.

Under that statute, as amended, an appeal in 1930 in a suit in equity properly was dismissed where the appellant did not give that order, although it appeared that he seasonably had ordered, but had not received, a transcript of the evidence from the stenographer appointed under G. L. c. 214, § 24; Equity Rule 29 (1926), and that he was prepared to prosecute the appeal as soon as such transcript should be received.

A further appeal by said appellant from an order allowing a motion to dismiss the first appeal was frivolous, and the order was affirmed with double costs.

BILL IN EQUITY, filed in the Superior Court on July 11, 1927.

The suit was heard by *Weed,* J., by whose order a final decree was entered dismissing the bill. The plaintiffs appealed. Proceedings with reference to a motion by the defendants to dismiss the appeal are described in the opinion. The plaintiffs appealed from an order by *Bishop,* J., allowing that motion.

*S. T. Lakson,* for the plaintiffs, submitted a brief.

*J. F. Gadsby,* for the defendants.

RUGG, C.J. This suit in equity was heard in the Superior Court, the evidence being taken stenographically. The trial judge made a finding and order for final decree, and in accordance therewith on April 23, 1930, a final decree was entered dismissing the bill. On the same day the plaintiffs appealed from the final decree. On June 9, 1930, the defendants filed a motion to dismiss that appeal on the ground that it had not been entered in this court. Respecting that motion counsel for the plaintiffs filed an affidavit stating, in substance, that on April 7, 1930, he had ordered a transcript of the evidence from the court stenographer which he had not received and that as soon as such transcript was received he would proceed forthwith to prosecute the appeal. The judge found that the facts stated in the affidavit were true and that counsel for the plaintiffs did not within ten days after his appeal give, and had not up to June 10, 1930, given, to the clerk of the Superior Court an order in writing for the preparation of the papers. The motion to dismiss was allowed.

The plaintiffs' appeal from the allowance of this motion presents the point for determination.

The practice regulating the taking of any question of law to the full court was changed by St. 1929, c. 265, § 1, amending G. L. c. 231, § 135. As thus changed the practice is mandatory that the party having the obligation to cause the necessary papers to be printed "shall give to the clerk, recorder, register or other appropriate official of the court in which the case is pending, within ten days after the appeal or allowance of the bill of exceptions or the determination by the court in which the questions arose of the form of the transmitting order, an order in writing for the preparation of such papers and copies of papers for transmission to the full court . . . ." This is an imperative provision. It is an essential preliminary step toward the entry of any case before the full court. Failure by any party, on whom the duty is cast, to comply with this prerequisite is fatal to the right of appeal.

The contention of the plaintiffs that the burden rested on them to procure a transcript of the evidence is without foundation. The duty of preparing all papers including the transcript of the evidence rests upon the clerk or other designated official and upon him alone. The provisions of the governing statute are so plain as not to be susceptible of any genuine doubt as to their meaning. The appeal from the order dismissing the appeal from the final decree was without merit and frivolous. Double costs are imposed from the time it was taken. G. L. c. 211, § 10.

*Order dismissing the appeal from the final decree affirmed with double costs.*