EDWARD A. MARTELL *vs.* DAVID W. MOFFATT, administrator,
& others.

SAME *vs.* DAVID W. MOFFATT, administrator, & another.

Middlesex.   April 13, 1931. — June 24, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

EDWARD A. MARTELL *vs.* DAVID W. MOFFATT, administrator,
& others.

SAME *vs.* DAVID W. MOFFATT, administrator, & another.

Middlesex.   May 21, 1931. — June 24, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Probate Court*, Appeal: dismissal for failure to prosecute; Report of
facts by judge; Petition for leave to prosecute appeal.

A delay by a judge of probate in filing a report, requested of him by an
appellant under G. L. c. 215, § 11, did not excuse noncompliance by
the appellant with the requirement of St. 1929, c. 265, § 1, that he
should give the register of probate, within ten days after his appeal,
an order in writing for the preparation of the necessary papers for
presentation of the appeal to this court.

The amendment of St. 1929, c. 265, § 1, by St. 1931, c. 219, did not
affect the rights of parties under a dismissal of an appeal already
made under the earlier statutes.

This court has no jurisdiction, either under G. L. c. 215, § 15, or under
G. L. c. 211, § 11, to entertain a petition for leave to enter in this court
an appeal from a final decree of a probate court after such an appeal
has been dismissed for failure by the appellant to observe the re-
quirements of St. 1929, c. 265, § 1.

TWO PETITIONS IN EQUITY, filed in the Probate Court for
the county of Middlesex on August 7, 1930, the first against
David W. Moffatt, both individually and as administrator
of the estate of Mary Ann Martell, and against Charles A.
Martell, and the second against David W. Moffatt indi-
vidually and as administrator of the estate of Judson Gordon
Martell.

The petitions were heard by *Leggat, J.,* by whose order final decrees were entered dismissing them. The petitioner appealed. Further proceedings relating to the allowance by the judge of motions to dismiss the appeals are described in the opinion.

While the above petitions were pending in this court on the appeals by the petitioner from the decrees dismissing his appeals, the petitioner filed in this court

PETITIONS for leave to enter late his appeals from the final decrees dismissing his original petitions.

*J. T. Pugh,* for Edward A. Martell.

*R. J. Lane, (D. F. Collins* with him,) for David W. Moffatt, administrator, and another.

RUGG, C.J. The first two of these cases are appeals from the allowance of motions for dismissal of appeals to the full court from final decrees in equity entered in a probate court. The material facts are these: Edward A. Martell, hereafter called the petitioner, brought, in respect to each of two estates, a petition in equity. Decrees were entered on December 10, 1930, dismissing each petition. The petitioner, on December 12, 1930, filed a claim of appeal from each decree and a request for a report of the material facts as found by the trial judge. Both were seasonably filed. G. L. c. 215, §§ 9, 11. No report of material facts as required by said § 11 has been filed. The petitioner was the party on whom rested the obligation to cause all necessary papers to be prepared for presentation of the cases to the full court, and he did not, within ten days after his appeal was filed, give any order in writing to the register of probate for the preparation of such papers. It does not appear that the evidence, if any, upon which the original decree was based, was taken stenographically so that it might be reported on appeal, nor that the decree was entered as a ruling of law. Since the cases now come before us on report of material facts found by the judge with respect to the motions to dismiss, it is to be assumed that no such factors exist. Motions to dismiss the appeals were filed on January 27, 1931, and, after hearing, allowed on February 3, 1931. The ground alleged in

each motion was failure of the appealing party seasonably to give order in writing to the register of probate for the preparation of the necessary papers and copies in conformity to the requirements of St. 1929, c. 265, § 1, amending G. L. c. 231, § 135. The words of the statute here material are: "In order to carry any question of law" from any probate "court to the full court of the supreme judicial court upon appeal . . . the party having the obligation to cause the necessary papers . . . to be prepared shall give to the . . . register . . . within ten days after the appeal . . . an order in writing for the preparation of such papers and copies . . . . As soon as may be after receiving such written order" the register "shall make an estimate of the expense of the necessary transcripts . . . and of the preparation and transmission of the necessary papers and copies . . . and shall give such party notice in writing of the amount of such estimate. Such party, within twenty days after the date of such notice . . . shall pay . . . the amount of such estimate . . . ." The time for giving the order in writing for preparation of the papers is thus fixed by imperative statutory words as "within ten days after the appeal." *Niosi* v. *Leveroni*, 274 Mass. 115. *McCarty* v. *Boyden*, 275 Mass. 91. There can be no doubt about the date of an appeal. It is established by the record of the court. G. L. c. 215, § 15. Appeal was taken in each of the cases at bar on December 12, 1930. There was no compliance with the statutory mandate already quoted, because no order in writing for the preparation of the necessary papers and copies was given to the register within ten days after the appeal. Although the judge did not within that period of ten days comply with the requirement of G. L. c. 215, § 11, by filing report of material facts, that failure did not extinguish or adversely affect the substantial rights and obligations of the appealing party. The burden resting on the register by the statutory words already quoted is to give to the appealing party the necessary estimates "As soon as may be after receiving" from him the written order. No specific time in days is fixed within which the register must furnish the estimate. Manifestly it would have been im-

possible for him to make accurate estimates in the cases at bar until the trial judge had complied with the requirement that he file a report of the material facts found by him. No question arises as to knowledge by the register of the request for such report, because it is a definite fact in the cases at bar that it was made. As matter of precaution and to avoid possibility of misunderstanding, copy of such request with date and affidavit of its having been given ought seasonably to be filed in court by the party making it. Doubtless such request might itself be filed in court provided it reaches the judge within the four days specified in G. L. c. 215, § 11. The appealing party would incur no liability by giving the order in writing for preparation of the papers in such circumstances. He would simply be complying with the statute, and would put upon the register the burden of furnishing him with the estimate. Since the register obviously would be under the necessity of awaiting the filing of the required report by the judge before giving the estimate, the appealing party likewise must wait until notice is given him in writing of the amount of such estimate before taking the next step open to him in prosecuting his appeal. When such estimate has been given, then he must within twenty days after its date pay the amount of the estimate or his appeal will go for naught and his order for preparation of the papers will be cancelled, unless some other form of relief be afforded.

Clearly, the appealing party was entitled as of right to a report of the material facts by the judge. That is not only established by the statute but is essential to give the appellant an effectual review on appeal. *Snow* v. *Boston Blank Book Manuf. Co.* 153 Mass. 456, 458–459. *Worcester* v. *Lakeside Manuf. Co.* 174 Mass. 299, 300. *Dwyer* v. *Dwyer,* 239 Mass. 188, 190. *Building Inspector of Salem* v. *Gauthier,* 259 Mass. 615. Moreover, in view of the request for a report of material facts, the record was not complete in essentials, so that controverted questions might be considered intelligently and the cases be decided with due regard to all the rights of both parties. *Donnell* v. *Goss,* 267 Mass. 444. The cases were not ripe for entry in the full court until such report

was filed. But, as hitherto pointed out, these matters afford no warrant for failure on the part of the appealing party to comply with the mandate of St. 1929, c. 265, § 1, already quoted. It cannot be presumed that the trial judge would not have filed such report within a reasonable time.

The provisions of St. 1929, c. 265, § 1, have been materially changed by St. 1931, c. 219, enacted since the argument in the cases at bar. That amending statute relates to procedure and not to substantive rights and applies, therefore, to cases pending at the time it became effective. *Hanscom* v. *Malden & Melrose Gas Light Co.* 220 Mass. 1, 3. *Smith* v. *Freedman,* 268 Mass. 38, 41. *Thomes* v. *Meyer Store Inc.* 268 Mass. 587, 588. *Wilson* v. *Grace,* 273 Mass. 146, 150–151. But the rights of the parties on this record must be determined according to the statutory practice and procedure in force at the time the decision of the judge now under review was made, and not according to that which would have been in force if such decision were to be made now.

It follows that the motions to dismiss the appeals were allowed rightly.

After the argument at the bar of the first two of the cases, the petitioner filed an original petition in each case in this court. These are the last two of the cases here to be considered. Each petition sets out the facts already narrated. In addition, it alleges that a report of material facts by the trial judge was essential to the presentation of questions of law to this court, that the petitioner fully intended at all times to prosecute his appeal, and that any failure on his part has been due to accident and mistake. The prayers are for leave to enter his appeal in this court and for general relief. No reference is made in these petitions to the statute under which they are brought. They are not and could not upon these facts rightly be brought or framed under G. L. c. 215, § 15. Thereby a person who by accident or mistake has "omitted to claim an appeal from a final decree" in a probate court "within the time prescribed therefor" may be granted leave to appeal by this court upon petition and within specified limitations. Manifestly the petitioner does not fall within the descriptive words of this section. He

seasonably claimed his appeal in the probate court. He simply failed to comply with the provisions of the statute as to the prosecution of that appeal after it was taken. The earlier provision of R. L. c. 162, § 13, to the effect that relief might be given where an aggrieved party had omitted "to claim or prosecute his appeal" from a decree of a probate court, was repealed by St. 1919, c. 274, § 10, and by § 6 of the same chapter the procedure prescribed by R. L. c. 159, § 28, now G. L. c. 214, § 28, was made applicable to appeals from probate courts. That is substantially the same provision now embodied in G. L. c. 215, § 15, and already summarized. Therefore, now no relief can be afforded under these statutes for failure to prosecute an appeal once taken. Relief can be afforded only for omission to take the appeal.

The petitions appear to be framed under G. L. c. 211, § 11. Its provisions are these: "If, by mistake or accident, an appeal from the superior court or a bill of exceptions which has been allowed by the supreme judicial court or the superior court is not duly entered in the full court, that court, upon petition filed within one year after the appeal or bill of exceptions should have been entered, and upon terms, may allow the appellant to enter his appeal or the excepting party to enter his bill of exceptions. . . ." These provisions are not applicable to appeals from probate courts. That court is not mentioned. It is not permissible for us to read into the terms of that section reference to probate courts. A statute can be interpreted only as written. *Arruda* v. *Director General of Railroads*, 251 Mass. 255, 263. *Morse* v. *Boston*, 253 Mass. 247, 252. *Commonwealth* v. *S. S. Kresge Co.* 267 Mass. 145, 148. When definite provision is made by statute respecting the procedure for review by this court of decisions by other tribunals, there must be compliance with such provision. *Hack* v. *Nason*, 190 Mass. 346. *Channell* v. *Judge of Central District Court*, 213 Mass. 78. *Young* v. *Duncan*, 218 Mass. 346, 353–354. *Agel* v. *Steuer*, 226 Mass. 126. *Sullivan* v. *Roche*, 257 Mass. 166, 170. *Thorndike, petitioner*, 257 Mass. 409. This construction of the statutes is confirmed by their history. See St. 1791, c. 17; Rev. Sts. c. 81, § 34, relating

to the court of common pleas; St. 1859, c. 196; Gen. Sts. c. 112, § 17; Pub. Sts. c. 150, § 17; R. L. c. 156, § 14; *Cowley* v. *Train*, 124 Mass. 226, 227; *Parker* v. *Nickerson*, 137 Mass. 487, 491.

> *Orders dismissing appeals affirmed.*
> *Petitions denied.*