HARRY C. DUNBAR, executor, *vs.* ANNIE V. PATRICK & others.

Middlesex.    May 10, 1937. — June 29, 1937.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Probate Court*, Appeal, Insolvent estate.    *Auction.*

A creditor of an insolvent estate may appeal from a decree respecting the executor's account.

An executor selling at public auction land which was subject to a mortgage of $1,300, rightly was charged with only $300 where the sale was made upon a bid of $1,600 which was understood by everyone interested to mean $300 for the title subject to the mortgage; but it *was stated* that such method of bidding was not to be commended.

PETITIONS, filed in the Probate Court for the county of Middlesex on April 5, 1935, and April 27, 1936, respectively, for the allowance of accounts of the petitioner.

The respondent Patrick appealed from a decree by *Monahan*, J., allowing the accounts.

*K. C. Tiffin*, for the respondent Patrick.

*J. H. Devine*, for the petitioner.

LUMMUS, J.   The controversy between the appellant, a creditor of the insolvent estate of Alice D. Hall, and Harry C. Dunbar, the executor of her will, has been here twice before. *Patrick* v. *Dunbar*, 294 Mass. 101. *Patrick* v. *Dunbar*, 296 Mass. 40.   The present appeal is from a decree allowing the first and second accounts of the executor.   We have no doubt that a creditor may appeal in a case like this, where the estate is insolvent.

In his second account, the executor charges himself with $300 received from the sale at auction of a parcel of land under a license from the Probate Court.   The bids were made, as the auctioneer orally directed, large enough to include the mortgage of $1,300.   The highest bidder, who became the purchaser, bid $1,600, saying "This bid includes

the mortgage." To this the auctioneer assented. The purchaser paid $300, and received a deed. The appellant seeks to charge the executor with $1,600, instead of $300. But it is plain that everyone interested understood that in effect the highest bidder offered $300 for the right, title and interest of the deceased (*Tyndale* v. *Stanwood*, 182 Mass. 534, 536), subject to a mortgage of $1,300. *O'Connell* v. *Kelly*, 114 Mass. 97. *Morton* v. *Hall*, 118 Mass. 511. *Cook* v. *Basley*, 123 Mass. 396. *Brooks* v. *Bennett*, 277 Mass. 8. There was no legal error in the course adopted, although it is not to be commended.

The executor concedes that by a clerical error the amount of the inventory with which his first account began was less by $100 than the actual amount of the inventory. To cure this error, the balance shown in the second account is to be increased by $100. As thus modified the decree is

*Affirmed.*