## S. G. Moskow *vs.* James H. Murphy & others.

### Same *vs.* Same.

Suffolk.    October 10, 1941. — October 31, 1941.

Present: Field, C.J., Donahue, Qua, Cox, & Ronan, JJ.

*Practice, Civil,* Exceptions: what is subject to exception, notice of allowance, prosecution; Order of court. *Pleading, Civil,* Character of pleading.

A motion in the Superior Court "to dismiss" a bill of exceptions for failure to comply with the requirements of G. L. (Ter. Ed.) c. 231, § 135, was treated by this court in accordance with its true nature as an application under § 133, as amended by St. 1933, c. 300, § 2, that the exceptions be overruled.

Except by leave of this court under G. L. (Ter. Ed.) c. 211, § 11, an order allowing an application under c. 231, § 133, as amended by St. 1933, c. 300, § 2, that exceptions of an adverse party be overruled for failure to comply with the requirements of § 135 is not subject to exception.

A failure by the clerk of court to give notice of the allowance of a bill of exceptions as required by Rule 74 of the Superior Court (1932) does not prevent the case from becoming "ripe for final preparation and printing of the record for the full court" within G. L. (Ter. Ed.) c. 231, § 135, nor affect the duty of the excepting party thereunder to give an order in writing for the preparation of the papers within ten days after the case has become ripe.

An action in which exceptions have been saved becomes "ripe for final preparation and printing of the record for the full court" under G. L. (Ter. Ed.) c. 231, § 135, upon the date when a bill of exceptions, indorsed "allowed" and signed by a judge, is returned to the clerk of court.

Two actions of contract. Writs in the Municipal Court of the City of Boston dated September 1, 1938, and November 3, 1938, respectively.

The cases were heard in the Superior Court after removal. The "motion to dismiss" exceptions was heard by *Fosdick*, J.

*A. S. Allen* (*O. S. Allen* with him,) for the defendant Zeller.

No argument nor brief for the plaintiff.

FIELD, C.J.   These two actions of contract brought in
the Superior Court were tried before a judge sitting without
a jury.   There was a finding in each case against one of the
defendants.   A consolidated bill of exceptions of this de-
fendant — a copy of which is contained in the printed
record — was "allowed" by the trial judge on December
17, 1940, and was "filed" on December 18, 1940.

Thereafter, on February 17, 1941, the plaintiff filed in
the Superior Court a so called "motion to dismiss" this
consolidated bill of exceptions on the alleged ground "that
the defendant has failed to take any step in furtherance of
the prosecution of the exceptions as required by G. L.
(Ter. Ed.) c. 231, § 135, including his failure to give to
the clerk of the Superior Court in which such cases are
pending an order in writing for the preparation and printing
of the record to the full court as required by said statute,
at any time since the allowance of the said bill of exceptions
and since the time that he acquired knowledge of the allow-
ance of the same."

After a hearing on this "motion to dismiss" a judge of
the Superior Court made the following findings: "I find
(1) that no order in writing required by G. L. (Ter. Ed.)
c. 231, § 135, for the preparation of papers and copies of
papers for transmission to the full court of the Supreme
Judicial Court has been given by the defendant . . . or his
counsel to the clerk of this court since the allowance of his
bill of exceptions on December 17, 1940 to the day of the
hearing before me, February 25, 1941.   (2) Counsel for the
defendant . . . first learned of the allowance of his bill of
exceptions on January 19, 1941."   The judge declined to
rule, as requested by the defendant, that "If the clerk has
not yet given notice to the defendant of the allowance of
the defendant's bill of exceptions in accordance with Rule
74 of this court, this case is not yet ripe for final preparation
and printing of the record for the Supreme Judicial Court
within the meaning of G. L. (Ter. Ed.) c. 231, § 135," ruled
"(1) that Rule 74 of this court imposes upon the clerk as
a public officer the duty of giving notice to the parties of
the allowance or disallowance of a bill of exceptions, (2) that

this provision of Rule 74 is directory only, and (3) that the clerk's failure to comply with the direction of the rule does not suspend the operation of General Laws (Ter. Ed.) c. 231, § 135," and allowed the motion. The defendant excepted to the rulings of the judge, his refusal to rule as requested, and the allowance of the plaintiff's "motion to dismiss." The defendant's consolidated bill of exceptions relating to this matter was allowed and has been entered in this court.

1. The plaintiff's "motion to dismiss" was in substance an application to the Superior Court under G. L. (Ter. Ed.) c. 231, § 133, as amended by St. 1933, c. 300, § 2, that the defendant's bill of exceptions relating to the trial on the merits be "overruled" by reason of the defendant's neglect "to take the necessary measures by ordering proper copies to be prepared" to carry questions of law to this court. And the order of the judge thereon was in substance an order "overruling" the exceptions relating to the trial on the merits. The plaintiff's "motion to dismiss" and the order, and incidental rulings, relating thereto must be treated in accordance with their true nature. *Home Owners' Loan Corp.* v. *Sweeney*, 309 Mass. 26, 28, and cases cited. By force of said § 133, as amended, there is "no right to take an appeal, exceptions or other proceeding in the nature of an appeal from such an order . . . overruling exceptions . . . for any cause above stated, except by leave of the full court under section eleven of chapter two hundred and eleven." These exceptions relating to the "motion to dismiss," therefore, are not properly before this court. They must be dismissed in accordance with the usual practice where matter on the files of the court is not rightly there.

2. Since, however, the result to the defendant would be the same if his exceptions relating to the "motion to dismiss" were properly before us, it is appropriate to state the ground upon which these exceptions, if they were before us, would be overruled. See *Charbonneau* v. *Guillet*, 278 Mass. 153, 155; *Commonwealth* v. *McKnight*, 289 Mass. 530, 545.

The question sought to be raised by these exceptions is whether, on the facts found, the defendant, as matter of law, failed to comply with the requirement of G. L. (Ter. Ed.) c. 231, § 135, that the excepting party — here the defendant — "give to the clerk . . . of the court in which the case is pending, within ten days after the case becomes ripe for final preparation and printing of the record for the full court, an order in writing for the preparation of such papers and copies of papers for transmission to the full court." No such order had been given to the clerk at the time of the hearing on the "motion to dismiss" on February 25, 1941. There is no contention that the case had not become "ripe" for "final preparation and printing of the record for the full court" more than ten days before that date in all respects except in the respect that no notice of the allowance of the bill of exceptions had been given by the clerk in accordance with the provisions of Rule 74 of the Superior Court (1932). The defendant contends that the failure of the clerk to give such notice prevented the case from becoming "ripe" for "final preparation and printing of the record for the full court" so that the ten-day period fixed by said § 135 never began to run. A decision adverse to the defendant upon this contention is required by the decision in *Home Owners' Loan Corp.* v. *Sweeney,* 309 Mass. 26, where it was held as a matter of interpretation of said § 135 that the ten-day period fixed thereby began to run irrespective of notice. See page 30. It is unnecessary to restate or amplify the reasoning of that case. We adhere to the conclusion therein reached. This conclusion does not import that said Rule 74 is invalid. It imports merely that said rule does not modify the meaning or effect of the controlling statute — said § 135. There was no error in the rulings of the judge, his refusal to rule as requested, or his allowance of the "motion to dismiss," in substance an order "overruling" the exceptions of the defendant relating to the trial on the merits.

3. To avoid any possible misapprehension as to the decision in *Home Owners' Loan Corp.* v. *Sweeney,* 309 Mass. 26, we add some explanation thereof. It was there said

that the "case became 'ripe' for such final preparation and printing on December 20, 1940, when the defendant's bill of exceptions was allowed." Page 30. In that case the bill of exceptions was indorsed "allowed" and signed by the judge on December 20, 1940, and the docket contains an entry under date of December 20, 1940, "Deft's bill of exceptions allowed." No question was presented whether the case became "ripe" for such final preparation and printing of the record at the time the bill of exceptions was indorsed "allowed" and signed by the judge or at the time it was returned to the clerk so indorsed and signed. Compare G. L. (Ter. Ed.) c. 231, §§ 115, 117. Nor is any such question presented in the present case, though here the bill of exceptions appears to have been indorsed "allowed" and signed by the judge on December 17, 1940, and to have been "filed" on December 18, 1940, since no order in writing for the preparation of the papers was given within ten days after the latter date. The statement just above quoted from the *Home Owners' Loan Corp.* case does not imply that where there is, as occasionally occurs, as in the present case, a difference between the date of signing and the date of return to the clerk of a signed bill of exceptions, the tenday period fixed by said § 135 shall begin to run before the date when the signed bill of exceptions is returned to the clerk.

The language and history of said § 135 lead to the conclusion that the ten-day period does not begin to run until the latter date. By that section the duty of preparing the papers is imposed upon the clerk. See *Niosi* v. *Leveroni*, 274 Mass. 115, 117. Obviously he cannot perform that duty until the papers, copies of which are to be included in the record for the full court, are in his hands. It cannot rightly be said that a case is "ripe" for the performance of his official duty with respect thereto until that time.

By G. L. c. 231, § 135, in the form substituted by St. 1929, c. 265, § 1, the ten-day period for ordering the preparation of papers began to run at the time of the "appeal or allowance of the bill of exceptions or the determination by

the court in which the questions arose of the form of the transmitting order." See *Niosi* v. *Leveroni*, 274 Mass. 115; *McCarty* v. *Boyden*, 275 Mass. 91; *Martell* v. *Moffatt*, 276 Mass. 174; *Dondis* v. *Lash*, 277 Mass. 477. The statute in this form created some difficulty when papers, copies of which were an essential part of the record for the full court, were not in the hands of the clerk within the ten-day period fixed by the statute. The existence of this difficulty, however, did not relieve the appealing or excepting party of the imperative duty imposed upon him by the statute. See *Niosi* v. *Leveroni*, 274 Mass. 115; *Martell* v. *Moffatt*, 276 Mass. 174; *Dondis* v. *Lash*, 277 Mass. 477. But the obvious purpose of the amendment of said § 135 by St. 1931, c. 219, by substituting the words now in the section, "case becomes ripe for final preparation and printing of the record for the full court," for the words already quoted from the section in the form in which it appeared in St. 1929, c. 265, § 1, was to avoid this difficulty by postponing the time at which the ten-day period should begin to run until papers, copies of which were an essential part of the record for the full court, were in the hands of the clerk. See *Dondis* v. *Lash*, 277 Mass. 477, 480–481. In conformity with this purpose a case involving a bill of exceptions would not become "ripe" for the preparation of the papers until a bill of exceptions signed by a judge was returned to the clerk. The opinion in the *Home Owners' Loan Corp.* case is to be interpreted in accordance with this explanation.

Doubtless the failure of a clerk to give notice of the allowance of a bill of exceptions in accordance with his public duty, as defined by Rule 74 of the Superior Court (1932), would cause some inconvenience to the excepting party, but this argument from inconvenience cannot prevail over the statutory mandate of said § 135. However, it is to be observed — though not as a reason for the conclusion reached in the *Home Owners' Loan Corp.* case, or in the present case — that no such inconvenience would result from the application of said § 135, as interpreted in the *Home Owners' Loan Corp.* case and in this case, as is suggested by the de-

fendant, namely, that an excepting party who has presented a bill of exceptions to a judge for allowance "must . . . thereafter contact the judge every few days, no matter where the latter may be, to ascertain whether or not the judge has yet acted upon the bill." The excepting party is required only to inform himself as to the progress of the case as disclosed by the record thereof in the office of the clerk. See *Rosenbush* v. *Westchester Fire Ins. Co.* 227 Mass. 41, 43; *Kaufman* v. *Buckley*, 285 Mass. 83, 86.

The defendant's exceptions relating to the trial on the merits have not been entered in this court. His exceptions relating to the order dismissing those exceptions — in substance an order "overruling" those exceptions — are dismissed.

*So ordered.*