FRANCIS C. MAGALETTA *vs.* HOWARD L. MILLARD
& another.

Norfolk. October 8, 1963. — January 6, 1964.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK,
SPIEGEL, & REARDON, JJ.

*Practice, Civil,* Appeal. *Res Judicata. Malicious Prosecution.*

The mere fact that following the sustaining of a demurrer to the declaration in an action the plaintiff sought and was denied leave to amend the declaration and did not except to the denial was not ground for dismissal of an appeal by the plaintiff from the sustaining of the demurrer. [594–595]

Where the sustaining of a demurrer to the declaration in an action might have been for defective form of the declaration and absence of allegations of certain facts essential to the cause of action, and leave to amend was sought by the plaintiff and denied and judgment entered for the defendant, a subsequent action between the same parties for the same cause of action, but with a declaration containing also allegations of such essential facts, was not barred on the ground of res judicata. [596]

It was error in an action for malicious prosecution to sustain a demurrer to a certain declaration containing allegations that the defendants maliciously and without probable cause instituted a criminal proceeding by complaint against the plaintiff in which he was found guilty in the District Court but acquitted in the Superior Court on appeal, and that the defendants procured the finding of guilty in the District Court "by intentionally failing to produce material evidence," later introduced in the Superior Court and constituting the basis of the acquittal there, and "by intentionally misleading the [District] Court into believing facts at variance with their knowledge and information" by "intentionally untrue" testimony and otherwise as set forth in a "specification" attached to the declaration. [593, 597]

TORT. Writ in the Superior Court dated October 17, 1960.

The plaintiff excepted to or appealed from orders by *Dewing, J.*

*Joseph M. Cohen* for the plaintiff.

*Robert J. DeGiacomo* for the defendants.

WILKINS, C.J. This case presents procedural problems, the time required for the consideration of which has been greatly disproportionate to the contribution, if any, to our jurisprudence. And this is not the end.

The action is in tort for malicious prosecution. Count 2 alone remains. The plaintiff had been a lieutenant in the Metropolitan District Commission police. The defendants Millard and Morrison were respectively the building inspector and the chief of police of the town of Westwood. The first count, which named as defendants Millard, Morrison, and one Maguire, a police officer of Westwood, has been waived because of inability to obtain service on Maguire, who has moved from the Commonwealth.

Questions argued concern (1) an order sustaining an answer in abatement on the ground of res judicata, which is the subject of the plaintiff's bill of exceptions; (2) the plain-

tiff's appeal from an order sustaining a demurrer to the declaration; and (3) the plaintiff's appeal from the allowance of the defendants' motion to dismiss the appeal and to enter judgment in their favor.

The allegations of the declaration are now stated in summary form. On or about October 24, 1958, the defendants maliciously and without probable cause procured a complaint against the plaintiff in the District Court of Northern Norfolk, and aided in its prosecution. It charged that on October 22, 1958, he violated a zoning by-law of Westwood in that he did place or allow to be placed on a certain parcel of land a billboard or sign consisting of two panels approximately fifteen square feet each bearing a political advertisement. On November 12, 1958, after trial he was found guilty. Upon appeal to the Superior Court after trial he was found not guilty. The defendants brought about the finding in the District Court "by intentionally failing to produce material evidence and by intentionally misleading the Court into believing facts at variance with their knowledge and information." Such material evidence, when introduced in the Superior Court, was expressly relied on by the judge in making his finding of not guilty. Attached to the declaration was a "specification of circumstances by which District Court was misled by defendants."

The answer in abatement alleges that the plaintiff previously brought two suits in the Superior Court (1) against the defendants Millard and Morrison and four others (No. 66417) and (2) against Millard (No. 66418); that the allegations in the present action were made in those suits; that demurrers to the declarations were sustained; that the plaintiff's motions to file amended declarations were denied; that judgments for the defendants were entered; that the plaintiff in the two suits "failed to state his respective causes of action completely, and correctly, so as to have the issues tried"; and that the prior judgments constitute res judicata to the present action.

The declarations in the earlier suits were substantially the same as in the case at bar except (1) that in one there

were additional defendants and in the other but one defendant, and (2) that the earlier cases contained no allegations that the conviction in the District Court was obtained by perjury and suppression of evidence. In addition, at least one of the earlier declarations was open to serious objections as to form. In case No. 66417 the declaration in one count occupies seventeen pages of the printed record before us. It is repetitious and wordy, and contains lengthy statements of evidence.

In the case at bar the demurrer was filed on the same day as the answer in abatement, and both matters were decided on February 1, 1961. The grounds of demurrer are four: (I.) Failure to comply with G. L. c. 231, § 7, Second, in that (A) there is a failure to state precisely and with substantial certainty the substantive facts necessary to constitute a cause of action; (B) the allegations are vague, indefinite, uncertain, irrelevant, and redundant, and are not set forth with sufficient clearness to enable the defendants to plead intelligently and directly; and (C) the declaration is replete with allegations containing an excessive indulgence in characterization as distinguished from fact, and are prejudicial and immaterial. (II.) It appears from the declaration that each defendant was acting in the performance of his respective duty as inspector of buildings and chief of police. (III.) It appears from the declaration that there was no want of probable cause. (IV.) The matters complained of are insufficient in law to enable the plaintiff to maintain this action.

On August 14, 1962, the defendants filed their motion to dismiss the plaintiff's appeal from the order sustaining the demurrer and to enter judgment in their favor. In so far as the defendants argue this subject the grounds of the motion were that following the order sustaining the demurrer on February 1, 1961, the plaintiff filed a motion to amend the declaration which was disallowed on February 17, 1961, and from this order no appeal has been taken or exception claimed.

1. It was error to dismiss the appeal and to grant the motion for judgment. In an attempt to justify the ruling

below, the defendants argue that by seeking to amend the declaration the plaintiff has admitted error and elected to stand on the motion to amend, to the denial of which he did not except. No case cited to us supports such a proposition. The present case presents a substantially different situation from that in *Elfman* v. *Glaser,* 313 Mass. 370, 375, where the plaintiff was given leave to amend, but did not avail himself of the opportunity to do so. An exception to the denial of the motion to amend would merely have raised the question of abuse of the trial judge's discretion. *Foster* v. *Shubert Holding Co.* 316 Mass. 470, 477. *Trudel* v. *Gagne,* 328 Mass. 464, 465. *LeBlanc* v. *Welch,* 333 Mass. 207, 210.

We do not believe that the motion to dismiss was allowed on the ground that the plaintiff had not seasonably ordered the preparation of papers for transmission to the full court under G. L. c. 231, § 135, as amended through St. 1960, c. 171. After the amendment of § 135 by St. 1960, c. 171, the ten day period does not begin to run until the clerk has given notice that the case has become ripe for such preparation.[1] To this extent the amendment to § 135 has changed the practice at the time of *Moskow* v. *Murphy,* 310 Mass. 249, 254.

The defendants have made no argument based upon G. L. c. 231, § 133, as amended through St. 1933, c. 300, § 2 (see *Harvey* v. *Waitt,* 312 Mass. 333, 335; *Royal Tool & Gauge Corp.* v. *Clerk of the Courts for the County of Hampden,* 326 Mass. 390, 391–392; *Boudakian* v. *Westport,* 344 Mass. 61, 63), and for the reason above stated we are of opinion that we are not confronted with any question of the plaintiff's right to appeal because of alleged delay in ordering the preparation of papers upon appeal.

The defendants seem to have abandoned the contention that there was a failure by the plaintiff to file a designation as required by Rule 2 of the Rules for the Regulation of Practice before the Full Court (1952), 328 Mass. 693. The

---

[1] The clerk's notice was on December 19, 1962. The printing was ordered on December 24, 1962.

rule itself clearly shows that it applies only to records on appeal or report in equity, or probate, certiorari, or mandamus proceedings. We cannot believe that the judge below took his action based upon the belief that it applied to an action of tort.

2. The answer in abatement was improperly sustained. The defence of res judicata was not made out. This is not a case where the plaintiff was given leave to amend and failed to do so. Nor can it rightly be said that the previous demurrers were sustained on the merits. See *Keown* v. *Keown,* 231 Mass. 404, 408. *Whitney* v. *Whitney,* 299 Mass. 547, 550; *Elfman* v. *Glaser,* 313 Mass. 370, 372–374; *Hacker* v. *Beck,* 325 Mass. 594, 596–597; *Spector* v. *Loreck,* 342 Mass. 685, 687.

The declaration in case No. 66417 could have been ruled defective in form, for example for loquacity and repetition.

Both earlier declarations could have been ruled defective for failure to allege facts constituting perjury by, or procured by, the defendants and the suppression of evidence by them which led to the conviction in the District Court. "It is the general rule, that conviction by the court to which the complaint was made is a bar to an action for malicious prosecution even though on appeal the jury may render a verdict of not guilty. An exception to that rule is established in instances where the conviction by the trial magistrate was obtained solely by false testimony of the defendant or is 'impeached on the ground of fraud, conspiracy or subornation in its procurement.' That exception must as matter of pleading be set out in the declaration by appropriate allegations of definite facts." *Dunn* v. *E. E. Gray Co.* 254 Mass. 202, 203–204. *Broussard* v. *Great Atl. & Pac. Tea Co.* 324 Mass. 323, 326.

We are of opinion that where the declaration in the case at bar is not substantially identical with those in the earlier actions, and alleges additional facts of substance, the defence of res judicata does not apply. See *Abbott* v. *Bean,* 295 Mass. 268, 275–276. Restatement: Judgments, § 50, comment c.

3. We are of opinion that it was error to sustain the demurrer. The defendants contend that the rule of the *Dunn* case does not apply, because there are no "appropriate allegations of definite facts" which would impeach the conviction in the District Court. Their argument is made merely by way of suggestion with no analysis of the following allegations as supplemented by the "specification." The defendants and Maguire, who was named as a defendant, but not served, were the only witnesses for the prosecution. The real issue seems to have been whether a certain sign was on the plaintiff's property. Maguire testified that the plaintiff said that it was. This testimony is alleged to be "intentionally untrue." It is also specified that before the trial one Carvill, a police officer of Westwood, had gone to the site of the sign with the plaintiff, who pointed out that the sign was not on his land. The defendants did not disclose the fact of the visit of Carvill, who did not testify in the District Court. The information in the possession of the defendants Morrison and Millard indicated that the sign was not on the plaintiff's land, and their testimony, set forth in the specification, contained concealments and was misleading.

> *Exceptions sustained.*
> *Order sustaining demurrer reversed.*
> *Order allowing motion to dismiss and for the entry of judgment for the defendants reversed.*