JAMES H. ELLIS & others *vs.* BOARD OF SELECTMEN OF
BARNSTABLE & others
(and a companion case).

Barnstable.   April 7, 1972. — May 11, 1972.

Present: TAURO, C.J., SPIEGEL, REARDON, BRAUCHER, & HENNESSEY, JJ.

*Municipal Corporations,* Town meeting, Moderator, Collective bargaining, Employees, Municipal finance.   *Equity Pleading and Practice,* Appeal.   *Damages,* Counsel fees.

Review of statutory requirements for preparation and filing of a transcript of the evidence in order to perfect an appeal in a suit in equity.   [797–799]

In a suit in equity, the trial judge was within his discretion in denying a motion by plaintiffs, under G. L. c. 231, § 133, to dismiss the defendants' appeal for failure to order and file a transcript of the evidence.   [797, 799]

A moderator's ruling that a town meeting could not vote on an article amending the personnel by-law to increase police salaries and appropriating money to fund the increases was subject to judicial review [799–800], and such action by the town was not barred by an outstanding collective bargaining agreement with the police.   [799–800]

The subject matter of a special town meeting vote was sufficiently contained in the warrant for the meeting, so as to satisfy G. L. c. 39, § 10, where the warrant contained articles authorizing and funding increases in police salaries but the vote also made the increases retroactive to the time they would have been effective had not the town moderator erroneously ruled the same articles out of order previously at the annual town meeting [800–802], and G. L. c. 41, § 108A, as amended through St. 1960, c. 87, authorizing certain retroactive salary increases at annual town meetings, was not applicable.   [800–802]

In a suit in equity for declaratory relief as to the validity and effect of certain votes at a town meeting, it was error to include in a decree favorable to the plaintiffs an order that the defendants pay a reasonable attorney's fee to the plaintiffs' counsel.   [802]

TWO BILLS IN EQUITY filed in the Superior Court on March 14, 1969, and November 5, 1969, respectively.

The first suit was heard by *Hudson,* J.; the second by *Ponte,* J.

*Robert E. O'Neil,* Town Counsel, for the defendants, submitted a brief.

*Warren H. Pyle* for the plaintiffs.

BRAUCHER, J.   The plaintiffs are residents and reg-
istered voters of the town of Barnstable, and all but
two of them are members of the police department of
the town.   They brought two successive bills for de-
claratory relief under G. L. c. 231A against the town
and officers of the town.   In each case the trial judge
made findings, rulings and orders, and the defendants
appeal from the final decrees.  The plaintiffs appeal from
an order denying their motion to dismiss the appeal in
the second case.   The evidence is reported.

We summarize the findings of the judge in the second
case, who at the request of all parties took judicial notice
of the proceedings in the first case.   The town had en-
acted a personnel by-law pursuant to G. L. c. 41, §§ 108A
and 108C, containing classification and compensation
plans for the police.   In February, 1968, the police en-
tered into a collective bargaining agreement with the
town pursuant to G. L. c. 149, §§ 178G–178N, covering
wages and other working conditions from April 1, 1968,
to April 1, 1970.   At the annual town meeting in March,
1968, the personnel by-law was amended to implement
a provision in the agreement for a wage increase.   The
agreement also provided, "If a cost of living raise is
given to employees of the Town before the expiration of
this contract it shall be granted to the Police Depart-
ment classification."

The warrant for the annual town meeting in March,
1969, included proposals for wage increases for other
town employees.   On the petition of ten registered vot-
ers, the warrant also contained an article proposing to
amend the personnel by-law  by increasing police de-
partment salaries about seven and one-half per cent, and
a second article to appropriate money to pay the in-
creased salaries.   In January, 1969, the police requested
conciliation or arbitration under G. L. c. 149, § 178K,
but the selectmen refused.   At the town meeting all
town employees except police and laborers were voted

increases of seven and one-half per cent, and laborers were voted increases of twelve per cent. One of the plaintiffs moved to amend the personnel by-law to give the police the seven and one-half per cent increase, and stated that the question was whether cost of living was a consideration in the other raises, just voted. The moderator ruled that the motion and the article were out of order and refused to permit the town to vote thereon, and made a similar ruling as to the appropriation article for increased police salaries.

Certain of the plaintiffs initiated the first bill for declaratory relief in March, 1969. The case was tried in June, and a final decree was entered in August determining that the articles in question and the motion under one of them were in order, and directing the selectmen of the town to call a special town meeting on or before October 21, 1969, and to include the same articles in the warrant. A single justice of this court modified the decree to provide for a special town meeting on or before October 23, 1969. The warrant was issued as directed and the special town meeting was held on October 23, 1969. One of the same plaintiffs made substantially the same motion which had been ruled out of order the preceding March. He stated the question as follows: "Did the Town employee raise involve cost of living? If so, aren't the police entitled to a cost of living adjustment?" The town counsel gave advice that a favorable vote would violate the outstanding collective bargaining agreement, and the motion was then carried by a majority vote.

The same plaintiff then moved for a transfer from available surplus funds to pay the rates just voted, effective "the first pay day-period following April 1, 1969." This was the effective date of the increases voted other town employees at the annual town meeting in March, 1969. The town counsel gave advice that such a vote would violate G. L. c. 41, § 108A, and it was suggested that the motion was beyond the scope of the article as printed in the warrant. The moderator ruled that the

article was out of order, but was overruled by a vote of the meeting. The motion was then passed.

The town has paid the increase in pay to the police since October 24, 1969, but has refused to make payments retroactive to the first pay period following April 1, 1969. The plaintiffs filed the second bill for declaratory relief in November, 1969. The case was tried in January, 1970, a final decree was entered in April, 1970, and the defendants filed a claim of appeal April 29, 1970. On July 23, 1970, the defendants had done nothing to prosecute their appeal, and the plaintiffs moved to dismiss the appeal. On January 7, 1971, the judge filed comprehensive "rulings and order" and denied the motion "in the exercise of my judicial discretion." The plaintiffs appealed.

1. We consider first the plaintiffs' appeal from the order denying their motion to dismiss the defendants' appeal in the second case. Before 1929, G. L. c. 214, § 19, required that an appeal be entered in this court "forthwith," and G. L. c. 231, § 135, required that the papers be transmitted "as soon as may be," and a five-week delay in ordering a transcript was held to require dismissal of an appeal. *Cunningham* v. *First Banker's Union, Inc.* 259 Mass. 595, 596. The word "forthwith" was deleted from G. L. c. 214, § 19, by St. 1929, c. 265, § 5, and a cross reference to G. L. c. 231, § 135, was inserted. At the same time St. 1929, c. 265, § 1, amended G. L. c. 231, § 135, to require the appellant to give the clerk, within ten days after the appeal, an order in writing for the preparation of the papers. This provision was imperative; it placed the duty of preparing the transcript on the clerk, and dismissal of the appeal was mandatory where the appellant ordered a transcript from the stenographer but did not give the statutory order to the clerk. *Niosi* v. *Leveroni,* 274 Mass. 115. *Martell* v. *Moffatt,* 276 Mass. 174.

The practice was changed again by St. 1931, c. 219, amending G. L. c. 231, § 135. The 1931 amendment relieved the clerk of the duty to procure the transcript,

and "by implication it was put upon the appellant, who became bound to use reasonable diligence in procuring the transcript." *Trade Mut. Liab. Ins. Co.* v. *Peters,* 291 Mass. 79, 84. *McKellar* v. *Hazen,* 325 Mass. 714, 717. "If . . . an appellant . . . neglects . . . to take the necessary measures by ordering proper copies to be prepared or otherwise for the hearing of the case . . . the court . . . may . . . order the appeal dismissed . . . ." G. L. c. 231 § 133, as amended through St. 1933, c. 300, § 2. *Linse* v. *O'Meara,* 338 Mass. 338, 340. The 1931 amendment also provided that the ten-day period for giving the statutory order should run from the time when "the case becomes ripe for final preparation and printing of the record," and that time periods could be extended by the court. See *Boston* v. *Santosuosso,* 302 Mass. 169, 171–174; *Home Owners' Loan Corp.* v. *Sweeney,* 309 Mass. 26, 29–31; *Moskow* v. *Murphy,* 310 Mass. 249, 252–254; *Turgeon* v. *Turgeon,* 330 Mass. 402, 407–408; *State Realty Co. of Boston, Inc.* v. *MacNeil Bros. Co.* 334 Mass. 294, 297.

The practice was further changed by St. 1959, c. 109, and St. 1960, c. 171, amending G. L. c. 231, § 135, so that "an appealing party is under no obligation to order preparation of the papers until he receives notice from the clerk that the case has become ripe." *Security Natl. Bank* v. *General Motors Corp.* 345 Mass. 434, 439–440. *Magaletta* v. *Millard,* 346 Mass. 591, 595. The trial judge could order the appellant to provide him with a transcript under G. L. c. 231, § 121, and under § 133, could order the appeal dismissed "if an appellant . . . neglects to provide a transcript of the evidence . . . within the time ordered . . . ." We think, however, that where as here an order has been entered designating a person to report the testimony to this court (G. L. c. 214, § 24; Rule 76 of the Superior Court (effective January 1, 1958); S.J.C. Rule 2:26, 351 Mass. 758–759), and the transcript is a necessary part of the record which must be filed before the case can become "ripe" for "final preparation and printing of the record"

(see *Trade Mut. Liab. Ins. Co.* v. *Peters*, 291 Mass. 79, 85), the ordering of a transcript may be one of the "necessary measures . . . for the hearing of the case" for neglect of which the appeal "may" be dismissed under G. L. c. 231, § 133. The ordering of a transcript is also an act prescribed by implication by S.J.C. Rule 1:02 (1) and (2), 351 Mass. 732–733, and failure to do such an act "shall not require dismissal of the appeal . . . but shall be ground for such orders as the trial court or the Supreme Judicial Court shall deem appropriate which may include dismissal." S.J.C. Rule 1:07, 351 Mass. 736. Compare Massachusetts Proposed Rules of Trial and Appellate Procedure, Rule 8–10, 14 (b), March 1971.

The judge ruled, on substantially the above grounds, that the allowance or denial of the motion to dismiss the appeal was a matter of discretion, and denied the motion. We agree, and we find no abuse of discretion.

2. At the regular town meeting in March, 1969, the town counsel ruled that the police articles in the warrant raised a question of interpretation of the collective bargaining agreement, to be resolved by conciliation or arbitration under the collective bargaining law, that the town meeting could not change the contract, and that the articles were therefore out of order. The moderator followed that ruling, stating that "this is obviously a question of law and not of procedure." The judge in the first case ruled that the moderator in good faith acted beyond his authority in denying the voters the right to vote on the articles. He also ruled that the town meeting had "the right to amend or modify an existing contract." He questioned the relevance of the existence of "a cost of living increase" for other employees and of the application of conciliation and arbitration procedures.

The judge correctly undertook to pass on the merits of the moderator's ruling. The issue presented to the moderator was not a question of order, on which a good faith judgment of the moderator would not be subject

to review by the court. G. L. c. 39, §§ 15, 17. *Doggett* v. *Hooper*, 306 Mass. 129, 133. The issue was one of substantive law and not of practice. *Ogden* v. *Selectmen of Freetown*, 258 Mass. 139, 141. *Blomquist* v. *Arlington*, 338 Mass. 594, 598–599. Whether the moderator's ruling could have been the subject of an appeal to the meeting (see Johnson, Trustman and Wadsworth, Town Meeting Time, § 48), the moderator could not by an erroneous ruling finally deny the meeting the power to act on a matter properly before it.

There was no merit in the grounds asserted for ruling the articles out of order. A collective bargaining agreement could not prevent the town meeting from amending the personnel by-law. Under G. L. c. 149, § 178I (as amended through St. 1968, c. 633), in the event that "any part or provision of any such agreement is in conflict with any . . . by-law, such . . . by-law shall prevail so long as such conflict remains." See *Chief of Police of Dracut* v. *Dracut*, 357 Mass. 492, 498–500. Section 178I also provides for a request to the legislative body for any appropriation necessary to implement the agreement, and for further bargaining if such request is rejected. See *Kerrigan* v. *Boston*, *ante*, 24, 33. Whether the town meeting could "modify an existing contract," as the judge ruled, we think that it had the power to appropriate either more money or less money than was necessary to implement the agreement. Such action might have resulted in further bargaining, in a grievance to be resolved under the agreement, or in a contract dispute submitted to the State Board of Conciliation and Arbitration under G. L. c. 149, § 178K, inserted by St. 1965, c. 763, § 2. But the agreement contained no arbitration clause, and there was no obligation to submit a controversy to the State board. *Sheehan* v. *School Comm. of Worcester*, 359 Mass. 702, 706.

3. The warrant for the special town meeting in October, 1969, included the same two articles which had been ruled out of order the previous March. They bore the following captions: "Article 3 (Article 97 — An-

nual Warrant of March 1969)" and "Article 3A (Article 98 — Annual Warrant of March 1969)" and each was followed by the legend "(By order of the Massachusetts Superior Court)." The part of the appropriation vote providing for payment retroactive to April, 1969, is attacked as in violation of G. L. c. 39, § 10, as amended through St. 1964, c. 1, requiring that the subject matter of the action be contained in the warrant, and of G. L. c. 41, § 108A, as amended through St. 1960, c. 87, authorizing an annual town meeting to grant salary and wage increases retroactive to the beginning of the financial year. The judge in the second case ruled that the caption and legend quoted above were sufficient notice to the voters that the action to be considered was the same as that requested at the annual town meeting, and that G. L. c. 41, § 108A, did not prohibit special town meetings from taking similar votes. He also ruled that a cost of living raise was given to other employees of the town, effective the first pay day period following April 1, 1969, that the special town meeting had properly modified the collective bargaining agreement, and that the police plaintiffs were entitled to payment of the raises voted, retroactive to the first pay period in April, 1969.

We hold that the warrant sufficiently contained the subject matter of the action to satisfy G. L. c. 39, § 10, that G. L. c. 41, § 108A, has no application to the present case, and that the town meeting vote was valid according to its terms. We do not pass upon the question whether other employees had been given "a cost of living increase" or the question whether the contract was modified. Whatever the proper answer to these questions, the retroactive increase was not gratuitous. Compare *Fitchburg Teachers Assn.* v. *School Comm of Fitchburg*, 360 Mass. 105, 107. The vote authorized the settlement of a good faith dispute. *Prout* v. *Pittsfield Fire Dist.* 154 Mass. 450, 451. See *George A. Fuller Co.* v. *Commonwealth*, 303 Mass. 216, 221–222, and cases cited. The town had been prevented by the moderator's error of law from

taking the same action in March, 1969, and the effect of the vote in October, 1969, was merely to do what the town meeting thought ought to have been done at the earlier meeting. Compare *Blomquist* v. *Arlington,* 338 Mass. 594, 601–602.

4. The judge in the second case ordered the defendants to pay plaintiffs' counsel a reasonable attorney's fee. Such an award cannot be sustained. *Chartrand* v. *Riley,* 354 Mass. 242, 244–245. *Wachusett Regional Sch. Dist. Comm.* v. *Erickson,* 354 Mass. 768. *George* v. *Coolidge Bank & Trust Co.* 360 Mass. 635, 640, and cases cited.

5. The final decree in the first case is affirmed, with costs of appeal. The final decree in the second case is modified by striking out the award of counsel fees. As so modified it is affirmed, with costs of appeal.

*So ordered.*